## ELI P. FISH *vs.* GILBERT B. FISH.

Under the statute against champerty, which makes every grant of lands absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of a person *claiming under a title* adverse to that of the grantor, the possession must not only be adverse, but it must be under some specific title which, if valid, would sustain the claim. A general assertion of ownership, without reference to a particular title; or relying upon a title which would not entitle the party to the possession; is insufficient.

Distinction between the statute regulating and defining *adverse possessions* and prescribing their effect in quieting titles and limiting actions, and that against *champerty*, and the cases arising under them.

The objects of the two acts were different. The one was to quiet titles and terminate disputes, and the other was to prevent the transfer of disputed titles; and hence the difference in their phraseology.

To avoid a deed given by one out of possession, the party in possession must hold adversely " claiming *under a title*," and not " under *claim* of title."

A title which the defendant has conveyed to the plaintiff's grantor cannot be a title in him under which he can set up an adverse possession to avoid a deed by his own grantee.

A certificate given to the purchaser at a tax sale, by a municipal corporation, entitling him to a deed at the expiration of a year, unless the premises shall be redeemed, but not giving him the possession or the right of possession, and not professing to transfer the title, does not constitute a title under which the holder can claim an adverse possession.

EJECTMENT for a house and lot in Syracuse, tried before a referee. The plaintiff proved title in himself derived from the state through several mesne conveyances, including a conveyance from the defendant, the last link in the chain being a deed of conveyance from a prior owner, one Andrew J. Fish to himself, dated August 12, 1859. On the 4th of January, 1839, the defendant had conveyed the premises to one Aaron G. Fish, under whom the plaintiff derived title, and from that time he occupied the premises under his grantee, Aaron G. Fish, and those who succeeded to his title, as a tenant, for many years, and with short intervals upon one or two occasions up to the time of the trial. No rent had been paid for some years, but the defendant at no time surrendered the possession of the premises

to his landlord or disclaimed to the party entitled holding as tenant, but he claims to have asserted title in himself, on different occasions, since 1854. In August, 1854, the premises were sold for the term of one hundred years, for a tax of $8.39 assessed by the city of Syracuse in 1853, and were purchased by one Hudson, who received a certificate entitling him to a deed at the expiration of one year provided the proper notice was given, and unless the premises should be redeemed according to law. November 27, 1854, Hudson assigned the certificate to Thomas Spencer; and it was claimed and some evidence was given that it was bought by Spencer at the request and for the benefit of the defendant. The defendant, prior to his conveyance by warranty deed to Aaron G. Fish, had acquired title to the premises by deed from Oliver Teall, and the referee dismissed the complaint on the ground that at the time of the conveyance to the plaintiff the defendant was in possession under his deed from Teall and also under the tax sale, and therefore the deed to the plaintiff was void. From this judgment of dismissal the plaintiff appealed.

*C. Andrews,* for the appellant.

*B. Davis Noxon,* for the respondent.

*By the Court,* ALLEN, J. The learned referee fell into the prevalent error of confounding the adverse possession under claim of title, which will avoid a deed of the premises as champertous, with the adverse possession which will ripen into a title by lapse of time and without entry or action at the suit of the true owner. The statute against champerty (3 *R. S. 5th ed.* § 167) makes every grant of lands absolutely void, if at the time of the delivery thereof such lands shall be in the actual possession of a person *claiming under a title* adverse to that of the grantor. The possession must not only be adverse, but it must be under some specific title

which, if valid, would sustain the claim. A general asser-
tion of ownership, without reference to a particular title, or
relying upon a title which would not entitle the party to the
possession, is insufficient. The statute regulating and de-
fining adverse possessions, and prescribing their effect in
quieting titles and limiting actions, is essentially different in
its terms from the act against champerty, referred to. (*See*
3 *R. S. 5th ed.* 503.) The distinction between the two acts
and the cases arising under them is considered and pointed
out very clearly by Selden, J. in *Crary* v. *Goodman*, (22 *N. Y.
Rep.* 170.) The objects of the two acts were different. The
one was to quiet titles and terminate disputes, and the other
was to prevent the transfer of disputed titles; and hence
the difference in their phraseology. To avoid a deed given
by one out of possession, the party in possession must hold
adversely "claiming *under a title*," and not "under *claim*
of title." The general assertion of claim by the defendant
here may perhaps have been sufficient as "a claim of title,"
under the statute of limitations, but it was not a "claim
under a specific title," within the act against champerty.

He could not claim under the deed from Teall, for the
reason that he had conveyed that title with warranty to
Aaron J. Fish, under whom the plaintiff took his title.
That certainly was not a title adverse to that of Norton,
the plaintiff's grantor. It was in truth the same title under
which he held the premises, and the title which the defendant
had conveyed to the plaintiff's grantor could not be a title in
him under which he could set up an adverse possession to
avoid a deed by his own grantee.

The tax certificate did not constitute a title under which
the defendant did or could claim an adverse possession.

1. The title to the certificate was not in him, and the
legal interest represented or conferred by the certificate was
in Spencer and not in the defendant. His equitable inter-
ests, whatever they were, did not constitute a title under

which he could claim adversely, so as to avoid a deed of the owner out of actual possession.

2. The certificate gave to no one the possession or the right of possession, and did not undertake or profess to transfer the title to the premises. Upon certain conditions, and after the lapse of the time mentioned by its terms, the holder might become entitled to and upon proper application acquire the title to the term sold. But that title has never been acquired, by the defendant or any one else. It follows that the defendant did not, at the time of the deed from Nelson to the plaintiff, hold adversely, "claiming under a title adversely to that of the grantor;" and the judgment must be reversed and a new trial granted; costs to abide the event.

[ONONDAGA GENERAL TERM, April 7, 1863. *Allen, Mullin, Morgan* and *Bacon,* Justices.]