## CHRISTIE v. GAGE et al.

*Will — devise to church — conveyance by church — notice of application for leave to sell church property — adverse possession.*

A testator devised real estate to the trustees of a church, to hold or sell at their option, the avails, after payment of a specified amount to his heirs, to be invested, and the income applied to the uses of the church. *Held*, that the devise was valid and vested in the church, and not in the trustees, and it was necessary to obtain the consent of the court to sell the same.

In a deed of real property belonging to a church, the grant was by the church by its trustees, and the deed stated that the trustees in their official capacity " have hereunto set our hands and seals, hereby certifying that said church has no corporate seal.", It was signed by the trustees as such, and a seal affixed to each name. *Held*, that the church, having no formal seal, might adopt one, and that annexed to the name of each trustee was the corporate seal of the church. Adding several impressions of the. seal would not avoid it.

A deed given by a woman in 1834 was objected to on the ground that she was married, and her husband did not join in it. The only evidence of her marriage was a description of her in her father's will as the wife of T. D. *Held*, that to exclude the deed, proof of coverture must be given ; it could not be presumed, and the recital in the will was not evidence as against one claim ing under the deed.

Real estate was devised to a church subject to a provision that certain desig nated persons should share in the avails. *Held*, that such persons were not entitled to notice of proceedings, on behalf of the church, to obtain leave to sell the devised estate.

In order to constitute adverse possession which will avoid a deed given during its existence, it is not necessary that the occupant should have declared he was holding adversely. If he claims under a title that is adverse to the one giving the deed, it is enough.

ACTION of ejectment, tried at the Yates circuit in March, 1873, before Mr. Justice JAMES C. SMITH, and a jury. A verdict was rendered for the plaintiff. Exceptions were ordered to be heard in the first instance, at the general term.

The action was originally commenced against Franklin J. Green. He died, leaving Henry Gage and Carrie Green in possession of the premises, and they were substituted as defendants.

The case was tried in October, 1869, and the plaintiff was nonsuited upon the ground that, by a will under which both parties claim title, the person through whom defendants claim took a fee.

The case was taken to the general term, where it was held that such person who had died before the action was brought took only a life estate, and a new trial was ordered. The other facts sufficiently appear in the opinion.

*J. A. Christie,* for plaintiff.

*David B. Prosser,* for defendant.

MULLIN, P. J. This is an action of ejectment, brought by the plaintiff, to recover nine-thirtieths of 100 acres of land in the town of Middlesex, in the county of Yates.

Both parties claim title under the will of Andrew Christie, who died in 1824, leaving a last will, wherein and whereby he devised the 100 acres in question to his grandson, Andrew Christie. The devise is without words of perpetuity, and we have held, at a previous term, that the devisee took a life estate only under the will.

The testator left surviving him six children, his only heirs at law. The plaintiff acquired title to the portion of the premises claimed by him, from the heirs of said testator.

The defendants claim that Andrew Christie, the younger, took the title to said 100 acres under the will in fee, and that the heirs of Andrew, the elder, took no title to nor interest in it, under said will, or otherwise.

Andrew, the younger, before his death, conveyed the 100 acres by quit-claim deed to one Loomis, Loomis conveyed, by a similar deed, to Lyman H. Green, upon whose death the premises passed to his son, Franklin J. Green, either by devise or descent, it is not shown by which. On the death of Franklin, the land descended to his daughter, Corie. Andrew, the younger, died in 1862.

It was admitted on the trial that defendants were in possession of the premises at the time they were substituted as defendants, claiming title under the will of Andrew Christie, deceased, and that Franklin J. died in possession of said premises in 1869, and that he held and claimed to devise title to said premises under the devise to Andrew, the younger, and defendants derive title to said premises under Franklin. It will be seen from the foregoing statement, that the claims of title diverge from the death of Andrew, the younger.

Up to that point of time, both parties concede that he had title. Upon his death, the plaintiff claims his estate ended, and the heirs

at law of Andrew, senior, had the title in fee in said premises. The defendants, on the other hand, claim and insist that Andrew, the younger, took an estate in fee in the land by the will of his grandfather.

This court having held that Andrew took a life estate only, under the will, it follows that the defendants have no title to the premises in question.

But as the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of the defendants, it is insisted that he failed to prove on the trial, title to any portion of the premises. It, therefore, became necessary to examine the evidence that plaintiff relies on to establish his title.

David Christie, one of the heirs of Andrew Christie, the common source of title, became entitled, on the death of his father to one-sixth of the 100 acres. He purchased the one-sixth of one of his sisters, thus becoming owner of one-third of the land subject to the life estate of his mother and of Andrew, the younger.

In 1847, David Christie made a last will, in and by which he devised his share of said 100 acres to the trustees of the First Presbyterian Church of West Town, in the county of Orange, in this State, and to their successors in office, to hold or to sell and convey the same at their own option, the avails to a certain amount to be paid over to certain of his heirs, and the balance to be invested and the income applied to the uses of the church. In an event contemplated, the trustees might use the principal of the fund so retained by them and invested.

All the heirs of said David, save one, conveyed the interest which they acquired through said David to the plaintiff, by deed, dated July 10, 1866.

On the 28th March, 1865, the trustees of the First Presbyterian Church, above mentioned, conveyed to plaintiff the interest in said premises devised to it by said David Christie. The deed purports to be from the several persons who were, at the time, trustees of said church, and as such trustees, and is signed by them, and is sealed with a single seal, which is affixed to the left of the signatures. This deed was executed without the consent of any court.

In order to execute a deed which should convey the title of said church in and to said land, application was made to the supreme court for authority to the trustees of said church to convey said premises, and it was given. Thereafter, and on the 24th of Sep-

tember, 1867, said trustees executed another deed to said plaintiff of the interest of said church in said premises. In that deed the grant is by the church by its trustees, and at the conclusion it is attested as follows : "In testimony whereof, we, in our official capacity as trustees of said church, parties of the first part, have hereunto set our hands and seals, the day and year first above written, hereby certifying that said church has no corporate seal." It is then signed and sealed, with a seal affixed to each name, and then follows the words, "Trustees of the First Presbyterian Church of West Town, in the county of Orange."

If the devise to the church should be held void, the title would be in the heirs of David Christie, and all of them, except one, have conveyed whatever interest they had to the plaintiff. If the devise to the church is valid, the plaintiff has acquired its title unless the conveyance is inoperative, because of the defective execution, or because the premises were occupied adversely when the deed was given.

A devise to a church is valid if the property devised is to be applied to the uses of the church. *Williams* v. *Williams*, 8 N. Y. 525. It was held by the Chancellor in *Matter of Howe*, 1 Paige, 214, that a religious society may take property which is to be applied in part to its own use and part in trust for others.

It only remains to inquire whether the deed from the church to the plaintiff was properly executed. The devise being to the trustees of the church, the title vested in the church, and not in the trustees. *Cammeyer* v. *Lutheran Churches*, 2 Sandf. Ch. 186 ; *People* v. *Fulton*, 11 N. Y. It was, therefore, necessary to obtain the consent of the court to the sale of the premises devised.

A seal being essential to a deed, in order to transfer the title to land, if a corporation has no formal seal, it may adopt any form of seal it deems proper, and the seal so adopted is the seal of the corporation *pro hac vice*. The seal annexed to the name of either one of the trustees is the corporate seal — the deed being that of the corporation and not of the individual trustees, and as adding several impressions of the corporate seal to a deed would not avoid it, the addition of a seal to the name of each trustee would not make the seal any the less the seal of the corporation.

David Christie got title to one-sixth of the premises in question, by a deed from his sister, Mrs. Dougherty. It is objected that as the deed was given prior to the passage of the married woman's act,

and she being a married woman when it was executed, she could not convey her interest in the land except by uniting in a deed of it with her husband. As he did not unite in the deed, no title passed to David, and, consequently, none passed to the church nor to the plaintiff.

To avoid the deed because of the grantor's coverture, the fact of coverture must be proved, as it cannot be presumed. The only proof of it here is the statement in the will of Andrew Christie, her father. In a legacy of $50 to her, he describes her as the wife of Thomas Dougherty. That will was made in 1824, and the deed from Mrs. D. is dated in 1834.

To make a recital evidence it must be against a party to the instrument or his privies in blood or estate — the fact recited must relate to the property, or right embraced in or affected by the instrument containing the recital, except in cases of pedigree. In those cases the recitals stand upon the same footing as the declarations of the person making the recital. 1 Greenl. Ev., § 26. Whether Mrs. D. was married at the time of the execution of the will had no connection whatever with the devise of the real estate, and her marriage to Thomas Dougherty was stated only for the purpose of description or identification of the person to whom the legacy of $50 was given. I am of the opinion that the marriage was not proved by the recital, and hence the objection was properly overruled.

The defendant's counsel objected to the evidence of the proceedings of the church to sell the land devised to it on the ground that none of the persons entitled under the will of David Christie to share in the proceeds of the land devised to the church were made parties to the proceedings, and, as they were *ex parte*, they could not affect the heirs of said David.

The *cestuis que trust* entitled to a portion of the proceeds of the land devised to the church were two of the children of David Christie, and not the defendants in this action, or either of them. The court had power to order the church to sell, and the land was sold in pursuance of its order, and whether the parties entitled to the proceeds of the sale have been properly protected is entirely immaterial to the defendants. The statute does not require the *cestui que trust* to be served with notice of the proceedings to procure authority to sell.

The deed from the trustees of the church to Samuel Christie, dated 28th of March, 1865, of the interest devised to the church was objected

to, because it was not sealed with their individual seals, but with a single seal. The objection was properly .overruled. A single seal was sufficient for all the trustees. *Ludlow* v. *Simond*, 2 Caines' Cas. 1, 7, 42, 55; *Mackay* v. *Bloodgood*, 9 Johns. 285; *Townsend* v. *Hubbard*, 4 Hill, 351.

The objection most strenuously insisted on by the defendants to the title of the plaintiff is that, from the death of Andrew Christie, the younger, the premises were occupied by those under whom the defendants claim adversely to the title under which plaintiffs claim. The deeds from the trustees of the church, and from the heirs of David Christie, were both executed while the premises were held adversely.

I am unable to find any way to escape this objection. It is not necessary, in order to constitute an adverse possession that will avoid a deed given during its existence, that the adverse occupant should prove that he declared he was occupying adversely; it is enough that he claims under a title hostile to that of the party. Such is the very language of the statute. 1 R. S. 739, § 147; *Creary* v. *Goodman*, 22 N. Y. 170; *Fish* v. *Fish* 39 Barb. 513; *Holden* v. *Bell*, 33 id. 247.

If we are right as to the character of the possession at the time the deeds to the plaintiff were executed and delivered, the defendants' counsel was entitled to the instruction to the jury, requested by by him, that the deeds under which the plaintiff claimed title to the premises in question were void.

The defendants' counsel moved for a nonsuit on several grounds, and among them, on the ground that, by the will of Andrew Christie, his grandson, David, took the remainder after the termination of the life estate of Andrew, the younger, if the latter did not take in fee. In the will of Andrew Christie, senior, it is provided, after devising the 100 acres to Andrew, his grandson, that "the remainder of land belonging to me, of the farm conveyed by Gale and wife, I hereby give and devise to my grandson, David, his heirs and assigns."

The motion for a nonsuit was denied, and defendants' counsel excepted.

By the previous provisions of the will 200 acres of the Gale farm had been devised, thereby leaving 100 acres remaining to be disposed of, and which it was the intention of the testator, we have no doubt, to pass by the clause of the will above recited to his son David, and

not the remainder of the estate after the termination of the life estate of Andrew, the younger. The language is very explicit, it gives the remainder of land belonging to me of the farm conveyed, etc. No room is left for construction or intendment.

Because of the refusal to instruct the jury as requested, a new trial is granted, costs to abide the event.

*Judgment accordingly.*