CLEVELAND, *appellant, vs.* WHITON, executor, &c. and others,
*respondents.*

When a surrogate has, upon the application of a judgment creditor of a dece-
dent, ascertained and determined that the plaintiff's judgment is a valid and
legal claim, or a subsisting demand, against the estate of the deceased, and
is justly due and owing therefrom, his duty in respect to such judgment is
ended, except to enter the same in a book of his proceedings.
He cannot go further, and ascertain that the judgment creditor owes the devi-
sees of the real estate a certain amount of rent therefor, and then exercise
the prerogative of a judge in equity, and apply the same upon the judgment.
The legislature has given him no such power.

APPEAL from an order made by the county judge of Tomp-
kins county, acting as surrogate, allowing certain rent as
a set-off or counter-claim against a judgment, owned by the
appellant, which was recovered against John L. Whiton, ex-
ecutor of the last will of Elias Fraser, deceased. The order
was made in proceedings instituted before the county judge,
acting as surrogate, by the appellant, to compel the sale of the
real estate of the deceased, by his executor, for the purpose
of paying his debts.

The judgment was recovered by Joseph Proude, in the su-
preme court, upon two promissory notes made by the testator,
and it was docketed on the 9th day of December, 1857, for
$403.95. The real estate, which the appellant claimed the
county judge, acting as surrogate, should authorize the execu-
tor to sell, was leased by the testator to the appellant and
others, and the rent set off or applied upon the judgment, be-
came due subsequent to the death of the testator, and the
appellant was separately liable for the payment thereof. The
real estate was devised by the testator to the respondents,
Milton B. Fraser, Harvey Fraser and Westall Fraser ; but
the will of the testator authorized the executor to sell and con-
vey the same, and divide the proceeds thereof in equal propor-
tions among the said devisees. The appellant purchased the
judgment and took an assignment thereof before he instituted
the proceedings to compel a sale of the real estate.

Cleveland v. Whiton.

The executor and devisees prayed that the county judge, acting as surrogate, would apply the said rent, that had become due on the lease subsequent to the death of the testator, upon said judgment, and he so applied the same ; and after it was so applied there was due upon the judgment the sum of only $200.74.

The appellant objected to the introduction of said lease before the county judge, acting as surrogate, on the following grounds : " 1st. The creditor denies that there is any thing due from him on the said lease. 2d. That the rent claimed as being due upon said lease has accrued since the death of the testator. The same belongs to the devisees of the real estate, and is a personal demand which they have against the lessees named in the said lease. 3d. The creditor further objects to the surrogate entertaining the question whether any rent is due upon the lease, that being a personal demand and claim between the devisees and the creditor. 4th. That the claim for rent being a personal claim existing in favor of the devisees, against the lessees, cannot be set off against the demand of the creditor against the estate. 5th. That said claim for rent does not belong to the executor, and is not assets in his hands. 6th. The only offsets that can be allowed in this action being such as could or might have been offset by the executor in the action against him."

The objections were overruled ; the lease was admitted as evidence, and the appellant excepted. The respondents then admitted that certain payments of rent had been made on the lease. The county judge, acting as surrogate, then ascertained by computation the amount that was due the devisees upon the lease, and applied the same upon the judgment. The appellant thereupon brought this appeal from the order of the county judge, acting as surrogate, fixing the amount due on the judgment as aforesaid.

Cleveland *v.* Whiton.

*David B. Prosser,* for the appellant.

*H. A. Dowe,* for the respondents.

*By the Court,* BALCOM, J. The rent in question accrued subsequent to the testator's death, and therefore belonged to his devisees. (*Kohler* v. *Knapp,* 1 *Bradf.* 241. *Payn* v. *Beal,* 4 *Denio,* 410. *Green* v. *Massie,* 13 *Illinois Rep.* 363. 2 *R. S.* 83, § 6, *sub.* 7. *See* 10 *Sim.* 184 ; 12 *id.* 263.)

If the county judge, acting as surrogate, had not jurisdiction to order that the claim the devisees had against the appellant for rent, be applied upon his judgment against the executor, the order making such application must be reversed, even though this court would so apply the rent in an action brought by the devisees for that purpose.

The question in the case is, had the county judge, acting as surrogate, jurisdiction to make such an order ? Surrogates' courts are courts of peculiar and special jurisdiction. (*Wilson* v. *The Baptist Education Society of the State of N. Y.,* 10 *Barb.* 308. 6 *id.* 352. 26 *id.* 316.) They can only exercise the jurisdiction and powers conferred upon them by statute. (1 *Kernan,* 324. 3 *R. S. 5th ed.* 362, § 1.) And if the statutes regulating their jurisdiction and prescribing their powers, when favorably construed, fail to confer the authority claimed, it does not exist. (14 *Wend.* 48. 1 *Kernan,* 328.)

The surrogate may, upon the application of the executor or administrator of a deceased person, or upon the application of any creditor of the deceased, authorize the executor or administrator to mortgage, lease or sell the real estate of the deceased for the payment of his debts, (2 *R. S.* 100, §§ 1, 2. *Id.* 102 *to* 105. *Id.* 108, § 48.) He is required to hear and examine the allegations and proofs of the executors or administrators, "and of all persons interested in the estate, who shall think proper to oppose the application." The executors or administrators may be examined on oath, and witnesses

may be produced and examined by either party. (2 *R. S.* 101, § 8, 9.) On such hearing, any heir or devisee of the real estate in question, and any person claiming under them, may show that the whole of the personal estate of the deceased has not been duly applied by the executors or administrators, to the payment of his debts, and may contest the *validity and legality* of any debts, demands or claims, which may be presented *as existing against the testator or intestate,* and may set up the statute of limitations in bar to such claims ; and the admission of any such claims so barred, by any executor or administrator, shall not be deemed to revive the same, so as in any way to affect the real estate of the deceased. (2. *R. S.* 101, § 10.) Authority is given for directing a trial, by jury, of any question of fact that shall arise upon such hearing.

The surrogate can make no order for the mortgaging, leasing or sale of the real property of the deceased, except for the purpose of satisfying debts which " are justly due and owing." (2 *R. S.* 103, §§ 11, 14.) The demands which he shall, upon such hearing, adjudge valid and subsisting *against the estate of the deceased,* or which shall have been determined to be valid by a jury ordered by him ; or which shall have been recovered against the executors or administrators by the judgment of a court of law, *upon a trial on the merits;* shall be by him entered in a book of his proceedings. (2 *R. S.* 102, § 13.)

The statutes to which I have referred are those under which the county judge, acting as surrogate, entertained the proceedings in this case, and made the order appealed from. The respondents' counsel claims that these enactments conferred jurisdiction upon him to make such order ; but I am of the opinion they did not. None of them authorized him to adjust the equitable rights which were claimed to exist between the devisees of the real estate in question and the creditors of the deceased ; and I think there is no statute that can be construed to confer such authority on him.

The appellant's judgment was a valid and legal claim, or a

subsisting demand, against the estate of the deceased, and was "justly due and owing" therefrom, notwithstanding the rent that was due from the appellant to the devisees of the deceased. When the surrogate ascertained these facts, his duty in regard to the appellant's judgment was ended, except to enter it in a book of his proceedings. He could not go further, and ascertain that the appellant owed the devisees of the real estate a certain amount of rent therefor, and then exercise the prerogative of a judge in equity, and apply the same upon the judgment. He could not do this, for the reason that the legislature has not given him any such power.

It follows that the county judge, acting as surrogate, had not jurisdiction, in equity, to make an order that the demand which the devisees had against the appellant for rent be set off against or applied upon his judgment, that had been recovered against the executor. The order making such set-off or application was therefore erroneous, and should be reversed with costs.

Decision accordingly.

[BROOME GENERAL TERM, July 10, 1860. *Mason, Balcom, Campbell* and *Parker*, Justices.]