SARAH CURRIN AND OTHERS, APPELLANTS, *v.* PATRICK S. FANNING AND OTHERS, RESPONDENTS.

*Surrogate of New York — power to construe wills — chap.* 359 *of* 1870 — *devise to corporation — power to hold in trust.*

A testator devised certain real estate to the trustees of Manhattan College, in the city of New York, and their successors forever, in trust to receive the rents, etc., and to apply the same to the use of said Manhattan College for the following purposes, to wit, to found and maintain a Latin professorship. The foregoing devise was made to the trustees on the express condition that out of the rents, etc., the said trustees and their successors should pay to the testator's wife an annuity of $1,500 per annum, and authorized them, after the death of the wife, to sell and reinvest the proceeds, the income to be applied to the maintenance of the professorship.

Upon an application to the surrogate of New York to admit the will to probate, *held*, that under chapter 359 of 1870 the surrogate of New York had power to pass upon the validity of any of the provisions of said will which should be

contested, and pass upon their construction or legal effect when called in question by any of the heirs, next of kin, legatees or devisees as amply and conclusively as the Supreme Court might do.

That such jurisdiction should not be exercised, except so far as it might be necessary for the purpose of passing upon the probate of a will, until all the parties in interest were brought into court.

That the devise of the real estate was, in legal effect, to the Manhattan College and not to the trustees as individuals.

That the college being capable of taking real estate by devise was authorized to take the property, although charged with a subordinate trust in favor of the widow of the testator.

*Semble,* that the act (chap. 319 of 1848) restricting devises and bequests to certain corporations to one-fourth of the testator's estate, and to such as are made two months before the death of the testator, is not applicable to an institution such as Manhattan College. If it were applicable, the prohibition is repealed by chapter 360 of 1860.

*Semble,* that in determining the one-half of the estate which under the act of 1860 can be devised to charitable or educational corporations, the widow's dower and the debts are to be first deducted.

APPEAL from the decree of the surrogate of the city and county of New York admitting to probate the will of Edward Isidore Sears, and giving a construction to certain portions thereof.

*D. McL. Shaw,* for the appellants. The devise was to the trustees, as individuals, for the benefit of the college and is, therefore, void. It contravenes the statute forbidding the suspension of the power of alienation for more than two lives in being; in other words it creates a perpetuity in trust. (*Owens* v. *Missionary Society,* 14 N. Y., 380; *Harris* v. *Clark,* 3 Seld., 242; *Holmes* v. *Mead,* 52 N. Y., 332; *Van Schuyven* v. *Mulford,* 59 id., 426; *Levy* v. *Levy,* 33 id., 137.) The trustees may or may not, after Mrs. Sears' death, execute the power. That they may not do so is as fatal as if they were expressly forbidden to do so. (*Jennings* v. *Jennings,* 7 N. Y., 547; *Amory* v. *Lord,* 9 id., 403; *Schettler* v. *Smith,* 41 id., 328; *Scott* v. *Monell,* 1 Redf., 431; *Tucker* v. *Tucker,* 5 N. Y., 408.) There is nothing in the character of the devise which prevents the statutory condemnation from attaching to it. The rule applies to devises and bequests to charitable uses (*Adams* v. *Perry,* 43 N. Y., 499; *Bascom* v. *Albertson,* 34 id., 584), and to trusts (*Coster* v. *Lorillard,* 14 Wend., 265; *Tucker* v. *Tucker,* 5 N. Y., 108; *Yates* v. *Yates,* 9 Barb., 324) and to powers in trust (*Hone* v. *Van Schaick,*

·20 Wend., 564). The trust being void the whole devise falls with it. It is impossible to sustain it for the benefit of the widow and to destroy it for the benefit of the college. The one cannot be separated from the other. (*Craig* v. *Hone*, 2 Edw. Ch., 554; *Thompson* v. *Clendinning*, 1 Sandf. Ch., 387; *Moore* v. *Moore*, 47 Barb., 257; *Beekman* v. *Bonsor*, 23 N. Y., 298, 575; *Knox* v. *Jones*, 47 id., 389.) The whole devise fails because the court cannot substitute a trustee. Here the trustee is in being but cannot take. There is no valid investiture of the legal title and so no use can be raised at all, for the devise is coupled with a condition which makes it impossible for the estate to vest where the testator intended it should be vested. (*Sherwood* v. *American Bible Society*, 1 Keyes, 566; *Owen* v. *Missionary Society*, 4 Kern., 406; *Downing* v. *Marshall*, 23 N. Y., 366; *Harris* v. *Clark*, 3 Seld., 242; *Holmes* v. *Mead*, 52 N. Y., 332.) The devise being an entire one and void there is vested in the heirs a fee subject to the widow's right of dower. There is no residuary clause in the will. (*Coster* v. *Lorillard*, 14 Wend., 364; *Ransom* v. *Lampman*, 5 N. Y., 456; *Van Kleeck* v. *Ref. Dutch Ch.*, 20 Wend., 469.)

*Chas. E. Miller*, for the respondents. The devise in the seventh clause of the will to the trustees of Manhattan College, in the city of New York, and their successors forever, is a devise to the college itself. (*N. Y. Inst. for the Blind* v. *How's Ex.*, 10 N. Y., 84, and cases cited; *Bailey* v. *Onondaga County Mut. Ins. Co.*, 6 Hill, 476; *N. Y. African Society* v. *Varick*, 13 Johns. R., 38; *Manice* v. *Manice*, 43 N. Y., 387; *Atty.-Gen.* v. *Tancred*, Ambler R., 351; *Christ's College, Cambridge*, 1 Wm. Blackstone R., 90; *Consistory Ref. Dutch Ch.* v. *Brandow*, 52 Barb., 228; *Atty.-Gen.* v. *Tancred*, 1 Eden., 10.) The college has the legal capacity to execute the trust in favor of the widow contained in the will. (*In the Matter of Howe*, 1 Paige, 214; *Tinkham* v. *Erie Railway Company*, 53 Barb., 393, 395; *Perry on Trust*, § 44; 12 Mass. Rep., 564; *Vidal* v. *Girard*, 2 How. [U. S.] R., 127.)

INGALLS, J. :

This is an appeal from the decision of the surrogate in regard to the last will and testament of Edward Isidore Sears.

The controversy arises upon the seventh clause thereof, which is as follows:

"Seventh. I give and devise all my real estate, consisting of two brown stone houses and lots on which they are erected, namely: The house and lot No. 244, East Forty-ninth street, between Second and Third avenues, and the house and lot No. 106, East Sixty-first street, between Lexington and Fourth avenues, in the city of New York, *to the trustees of Manhattan College*, in the city of New York, and their successors forever, *in trust*, to receive the rents, issues and profits thereof, and to apply the same *to the use* of said *Manhattan College*, for the following *purpose*, to wit, to found and maintain a Latin professorship. The foregoing devise is made to the said trustees on the *express condition* that, *out of the rents, issues and profits* of the said real estate, the *said trustees and their successors* shall pay to my wife Catharine Irvine Sears, an annuity of $1,500 per annum, for and during the term of her natural life, the same to be paid to her in monthly or quarterly payments, as the said Catharine Irvine Sears may elect."

"After the death of my wife, but not before, I authorize and empower the said trustees and their successors, in their discretion, to sell any or all the *real estate hereby devised in trust*, namely, the two houses and lots above mentioned, and invest the proceeds thereof, and from time to time to change the said investments as they may be advised, and to receive the rents, profits, issues, interest and income thereof arising from such investments, and to apply the same in the same manner and *upon the same trusts* as those on which said real estate is devised."

This devise is in legal effect to Manhattan College, which is a corporation, and as such competent to take and hold the property in question. The purpose to which the same is devoted is clearly defined by the will and is legitimate. This provision may be construed to be a devise of the property to the corporation, subject to the payment of the annuity to the widow of the testator during her natural life. We perceive no valid objection to a devise of property to a corporation, for a purpose clearly defined, and proper in itself, even though charged with the payment of an annuity out of the rents and profits. What objection could there be to a corporation accepting a devise of real estate, subject to the payment of rent

upon a lease thereon? How does the devise in question differ in legal effect? We do not discover wherein the devise in question contravenes any statute or settled legal principle.

The opinion of the surrogate contains an ample collection of the decisions bearing upon the questions involved in this controversy, and he has ably discussed them in their bearing upon such questions.

The conclusion at which he has arrived is entirely satisfactory, and we adopt such opinion without further discussing the case.

The following is the opinion of Hon. Delano C. Calvin, surrogate:

After the evidence of the subscribing witnesses was taken in this matter — which evidence shows satisfactorily that the will in question was, in all respects, duly executed, conformably to the statute, the counsel for the contestant stated that he made no objection to the admission of the will to probate as a will of personal property, but objected to its admission as a will of real estate, upon the ground that the seventh clause of the will, which assumes to dispose of the testator's real estate, is void, on the grounds:

First. That it is a devise to the trustees of Manhattan College and their successors.

Second. That if the devise shall be held to be to the college, it is void because the college has no capacity to take and hold the property in trust.

The seventh clause of the will reads as follows:

"Seventh. I give and devise all my real estate, consisting of two brown-stone houses and the lots on which they are erected, viz.: The house and lot number two hundred and forty-four (244) East Forty-ninth street, between Second and Third avenues, and the house and lot number one hundred and six (106) East Sixty-first street, between Lexington and Fourth avenues, in the city of New York, to the trustees of Manhattan College in the city of New York and their successors forever — in trust to receive the rents, issues and profits thereof, to apply the same to the use of said Manhattan College for the following purposes, to wit, to found and maintain a Latin professorship in said college, to be called the "Sears Professorship." The foregoing devise is made to said trustees on the *express condition*, that out of the rents, issues and profits of said real estate the said trustees and their successors shall pay to my wife Catharine Irvine Sears an annuity of fifteen hundred

dollars per annum, for and during the term of her natural life; the same to be paid to her in monthly or quarterly payments, as the said Catharine Irvine Sears may elect.

"After the death of my said wife, but not before, I authorize and empower the said trustees and their successors, in their discretion, to sell any or all the *real estate hereby devised in trust,* viz., the two houses and lots above mentioned, and invest the proceeds thereof, and from time to time to change the said investments as they may be advised, and to receive the rents, issues, profits, interest and income thereof arising from such investment, and to apply the same in the same manner and upon the same trusts as those on which said real estate is devised."

The first question to be considered in this matter is whether this court has the power to determine this question.

Prior to the statute of 1870, chapter 359 (applicable to the surrogate of this county only), the surrogate had no authority to construe wills, except so far as it became necessary on the final accounting, and the proponent's counsel objects to the jurisdiction of the surrogate to pass upon the questions sought to be raised by the counsel for the contestants.

This inquiry must be answered by the language of the act, and the reasonable inferences to be drawn therefrom, as this court is one of peculiar and special jurisdiction, and can only exercise the jurisdiction and powers which, by a favorable construction of the statute, are found to have been conferred upon it. (*Cleveland* v. *Whiton,* 31 Barb., 544; *Sibley* v. *Waffle,* 16 N. Y., 180 ; *Seaman* v. *Duryea,* 11 id., 324 ; *Wilcox* v. *Smith,* 26 Barb., 316.) And many other authorities to the same effect might be cited.

Redfield, in his Treatise on Surrogates, says, at page 22 :

" The principle is now fully established by authority and practice that, although where the statute directs the surrogate to proceed in any certain way he must proceed in that way and no other, yet, if justice demands that, in regard to some subject that is within his jurisdiction, he should exercise an incidental power which has not been expressly given to him by the statute he should not for that reason decline to exercise it."

The learned chief justice of the Court of Common Pleas, in *The Matter of Brick's Estate* (15 Abb. Pr. R., 12), holds that in

all matters submitted to their cognizance surrogates are authorized to proceed according to the course of the court having, by the common-law, jurisdiction of such matters, · except so far as they are restricted by statutes, and they have such incidental powers as are necessary to carry those which are necessary into effect; and the eleventh section of the act of 1870, above referred to, provides that in any proceeding before the surrogate of the county of New York, to prove the last will and testament of any deceased person as a will of real or personal estate, or both, in case the validity of any disposition contained in such will is contested, or their construction or legal effect called in question by any of the heirs or next of kin of the deceased or any legatee or devisee named in the will, the surrogate shall have the same power and jurisdiction as is now vested in and exercised by the Supreme Court, to pass upon and determine the true construction, validity and legal effect thereof; and the same section provides for the entry of his decision in his minutes and for the review by appeal by any of the heirs, next of kin, legatees or devisees, in the same manner and with the same effect as appeals may be taken from his decision admitting or refusing probate.

The effect of this statute has been the subject of considerable discussion on the part of the profession, but it seems never to have been judicially determined.

The principal objections which have been urged against the general authority of the surrogate of this county, to entertain proceedings for the construction of wills, are:

First. That that jurisdiction has hitherto been exclusively vested in the courts exercising equitable authority; and,

Second. That there is no provision in the act in question, or otherwise, for the citing of legatees or devisees for the purpose of such construction.

When these questions were first raised I was inclined to the opinion that, in consequence of these defects or omissions of the statute, it would be unwise for the court to entertain jurisdiction for the purpose of a construction of a will, except so far as such determination became necessary in passing upon the probate of the will; but upon a more careful examination of the terms of the section, it is quite clear to my mind that the legislature intended by it to confer

on the surrogate of this county full power, authority and jurisdiction, upon probate, to pass upon the validity of any of the dispositions of said will which should be contested, and upon their construction or legal effect when called in question by any of the heirs, next of kin, legatees or devisees, as amply and conclusively as the Supreme Court may do; and I am of the opinion that it is my duty to accept that jurisdiction and responsibility whenever presented; and that when the act in question confers that jurisdiction and defines its effect upon the parties interested, I entertain no doubt of my authority, as an incident to the performance of that duty, to bring in all the parties interested for that purpose; but I am equally clear in the opinion, that when a case has been submitted to me without such parties being called in, I should refuse to exercise the jurisdiction, except so far as it may become necessary for the purpose of passing upon the probate of the instrument in question, as a will of real and personal property, until such parties shall be brought in.

It is conceded by the counsel for both parties, that Manhattan College in question is incorporated by the Regents of the University, under the authority conferred upon them by chapter 184 of the Laws of 1853; and reference to that chapter shows that such organization is under the authority of trustees who have the management of the college; and the act provides for such college holding and possessing real and personal property to an amount specified.

The next question to be determined is, whether the will in question devised the real estate, by the seventh subdivision thereof, to the trustees as *individuals* rather than to them as constituting the corporation of Manhattan College; and it is claimed by the learned counsel for the contestant that the devise in question was to the trustees as contradistinguished from the college, the college being a beneficiary, together with the widow; to which he cites the case of *The New York Sailors' Snug Harbor* (3 Pet., 99), where it is said, that a testator in appointing trustees, may designate them by official titles instead of by name; in which case they take as if they had been designated by proper names. But in that case the devise was to the chancellor of the State of New York, mayor and recorder of the city of New York, president of the Chamber of Commerce in the city of New York, president and vice-president of the Marine

Society of the city of New York, senior minister of the Episcopal church in said city, and senior minister of the Presbyterian church in said city, in trust, to erect and build an asylum or marine hospital to be called " The Sailor's Snug Harbor, for the purpose of maintaining and supporting the aged and decrepit; and wherein our sailors," etc. There is a very wide distinction between that and the devise in question, for in that case there was no such corporation as " Sailors' Snug Harbor," and the trustees named occupied no relation to any such corporation or enterprise; while, in this case, the trustees named are executive and corporate officers of the college.

In *The New York Institution for the Blind* v. *How's Executors* (10 N. Y., 84) it was held that a bequest " to trustees " of an institution was a bequest to the institution, although those having charge of it were in the charter called managers. They are still defined and treated as trustees and known in law as such. (See 1 R. S. at Large, 600 [marg. p.], §§ 9, 10; 2 id., 462, § 33.)

In *The Consistory of the Reformed Dutch Church* v. *Brandow* (52 Barb., 228) the devise was to the consistory of the Reformed Dutch Church of Prattsville, that is, to the ministers, elders and deacons and their successors in office, to be held, used or invested for the benefit and use of the said church, in such manner as they may deem best for the interest of the church, etc. It was held that the testator clearly intended that the Reformed Dutch church mentioned should have the benefit of the bequest made by him to the consistory, provided the consistory could control the bequest; and at page 233 Mr. Justice MILLER says : " The bequest to the consistory was, in effect, a bequest to the church corporation itself, and was not the less so because it was devised to those officers."

In *Bayley* v. *Onondaga County Mutual Insurance Co.* (6 Hill, 476) a bond executed by an agent for the faithful performance of his duty, was to the directors of the company, to be paid to them, their successors and assigns, and was held to be in legal effect made to the company; and that the company might maintain an action upon it in their corporate name, and that the board of directors, being the only legal agents of the corporation, were to be regarded as its representatives in all their official acts and doings. To the same effect see *The African Society* v. *Varick* (13 Johns., 38).

In *The Attorney General* v. *Tancred* (Ambler, 351) a convey-

ance was made to the use of the masters of Christ and Caius College, the Presbyterian College, the College of Physicians, the treasurer of Lincoln's Inn, the master of the Charter House, the governor of Chelsea and Greenwich Hospital for Seamen, in trust, it was held that the conveyance was for the benefit of the bodies corporate of the said colleges, and not for the fellows in their natural capacity. (See case of *Christ's College, Cambridge*, 1 Wm. Blackstone, 90.)

In *Manice* v. *Manice* (43 N. Y., 387) the testator, among others, directed his trustees to pay $5,000 unto the treasurer, for the time being, of Yale College, in New Haven, and requested the trustees of the college to invest in New York securities or on bond and mortgage and accumulate the interest, etc., it was held, at page 387, that the direction to pay the treasurer was a good gift to the college, the college having been shown to be capable of taking it.

From these authorities, and such consideration as I have been able to give the terms of the will, I am of the opinion that the testator used the term trustees of the Manhattan College and the Manhattan College as synonymous, and both as designating the corporation.

And I am unable to perceive any good reason for his selecting the trustees, instead of the college to be his trustees for the benefit of the college, as *cestuis que trust*, particularly as there is no evidence to show that he had any particular acquaintance with or confidence in them; and it seems to me that if he had intended to vest the title of the estate devised in the trustees, instead of the college or corporation, he would have made some of his confidential friends appointed as executors and trustees for the purpose. And I am therefore of the opinion that the estate devised by the seventh clause of the will was intended to and did vest in the Manhattan College as a corporation.

This conclusion renders it unnecessary that I should consider the question so exhaustively and ably presented by the learned counsel, for the contestants that the devise is void as a contravention of the 2 Revised Statutes (Bank's 6th ed., p. 1101, § 15) upon the subject of the unlawful suspension of the absolute power of alienation, though I have examined the authorities upon the subject in detail with special interest, nor is it necessary that I should enter into the much-debated and vexed question whether charitable uses are abolished

by our statutes, which seems to have been set at rest by the case of *Holmes* v. *Mead* (52 N. Y., 332), as it is conceded by the respective counsel that our statutes upon uses and trusts (2 R. S. [Bank's 6th ed.], §§ 55, 56, p. 1106, and § 60, p. 1107) authorize such a devise to the college in question, for the purpose named in the will.

The next question to be considered is whether the trust in behalf of the widow renders the devise void, because of the incapacity of the college to take the same incumbered by that trust.

The counsel for the contestant claims that the devise is void, because the college has no power, under chapter 318 of the Laws of 1840, to receive real estate in trust for another, as enlarged by chapter 261 of the Laws of 1841, and cites section 3 of 2 Revised Statutes at Large, marginal paging 57; but that section, as it seems to me, does not sustain this construction. Its provision is that no devise to a corporation shall be valid unless such corporation be expressly authorized by its charter or by statute to take by devise. That section does not attempt to limit the purpose for which a devise may be received.

In Tiffany & Ballard, in their "Treatise on the Law of Trusts and Trustees," the case *In the Matter of Howe* (1 Paige Ch., 214) is cited with approbation, and in "Perry on Trusts," (§ 44,) it is said : "A corporation may take and hold in trust for another, or for a stranger or for an individual, as where one gave a legacy to a church corporation in trust, to pay the income to his housekeeper for life and after her death to apply it to church purposes, it was held that the corporation might well execute the trust, on the principle that when property is given to a corporation partly for its own use and partly for the use of another, the power of the corporation to take and hold for its own use carries with it as a necessary incident the power to execute that part of the trust which relates to others."

In *The Matter of Howe* (1 Paige, 214), above cited, a legacy was given to St. George's church in trust, to pay the income to the testator's housekeeper for life. After her death the income thereof to be applied to the purchase of a church library and support of the Sabbath school in the church, and other church purposes to which church contributions might be applied according to the tenets of the Episcopal church, and the chancellor, at page 214, says :

"It is a general rule that corporations cannot exercise any powers

not given to them by their charters or acts of incorporation; and for that reason they cannot act as trustees in relation to any matters in which the corporation has no interest. But whenever property is devised or granted to a corporation partly for its own use and partly for the use of others, the power of the corporation to take and hold the property for its own use, carries with it, as a necessary incident, the power to execute that part of the trust which relates to others. In this case the substantial part of the legacy is for the benefit of the corporation; and the income thereof, after the death of the housekeeper, is to be applied to some of the purposes to which the rector, church wardens and vestrymen are authorized to apply the general funds or temporalities of the church committed to their management. The testator had a right to limit his bounty to a part of the objects to which they might appropriate the general funds of the corporation. He also had a right to direct when the income should be applied for that purpose. If the corporation receive the legacy, it must be received charged with the payment of the interest or income to the housekeeper for life. The legacy must, therefore, be paid over to the rector, church wardens and vestrymen as the representatives of the corporators, who are bound to carry into effect the testator's will in respect to the same."

In the case under consideration it is equally true that the substantial part of the legacy is for the benefit of the corporation, and it seems to me that it would be a very illogical as well as inequitable construction, that because a subordinate trust was created in favor of the widow that the intention of the testator to give the college the principal benefit of the devise should be defeated. In *The Trustees of Phillips Academy* v. *King's Executor*, it was held that a corporation is capable of taking and holding property as trustee. (12 Mass. R., 564.)

In *Vidal* v. *Girard* (2 How. [U. S.], 127), the corporation of the city of Philadelphia had power by its charter to take real and personal estate by deed and devise, and it was held that, having this power, it might also take and hold property in trust in the same manner and to the same extent that a private person might do. Mr. Justice STORY, in delivering the opinion, at page 187, says: "Now, although it was in early times held that a corporation could not take and hold real or personal estate in trust, upon the

ground that there was a defect of one of the requisites to create a good trustee, viz., the want of confidence in the person; yet that doctrine has been long since exploded as unsound and too artificial; and it is now held that where the corporation has a legal capacity to take real or personal estate, there it may take and hold it upon trust, in the same manner and to the same extent as a private person might do. "It is true that if the trust be repugnant to, or inconsistent with the proper, purposes for which the corporation was created, that may furnish a ground why it may not be compellable to execute it, but that will furnish no ground to declare the trust itself void, if otherwise unexceptionable, but it will simply require a new trustee to be substituted by the proper court possessing equity jurisdiction, to enforce and perfect the objects of the trust." In *Tinkham* v. *Erie Railway Company* (53 Barb., 393), where the question was determined as to the right of the defendants, a corporation, to take real estate subject to the condition that a portion of the land should be kept open as public streets, it was adjudged that such condition was valid and that the corporation could hold the real estate; and Mr. Justice BALCOM, in delivering the opinion of the court, at page 395, recognizes the full authority of the case of *Howe's Executors*, above cited, as applicable to real estate as well as personal, wherein he says:

"The true rule applicable to the question was stated by Chancellor WALWORTH, in the matter of *Howe's Executors, etc.* (1 Paige's Chancery, 214), which is, wherever property is devised or granted to a corporation partly for its own use and partly for the use of others, the power of the corporation to take and hold the property for its own use, carries with it as a necessary incident the power to execute that part of the trust which relates to others."

It is urged by counsel for the contestants that the authorities above cited are not applicable to a case where there is a devise in trust, while he recognizes the soundness of the rule as laid down in respect to personal property; but I am unable to appreciate any substantial distinction between a bequest and a devise in respect to the question of the authority of the corporation to take and execute the trust.

The fifty-sixth section of 2 Revised Statutes, at page 1106, above cited, authorizes incorporated colleges, together with the

sixtieth section, on page 1107, to receive and hold in trust real and personal property, to found and maintain professorships and scholarships, among other things, which seems to put real and personal property upon the same footing; and, I think, the devise in this case is in strict conformity to that authority, and the fact that the devise is incumbered by a subordinate trust, ought not to deprive the college of the benefit of the devise or defeat the obvious intention of the testator.

If the principle be admitted, which seems to be inevitable from these authorities, that a corporation may receive property in trust and that its functions are dependent upon its charter and the statutes relating to it, it must be admitted that there is no statute expressly authorizing a corporation to receive and execute a trust outside of the legitimate purposes of its organization, nor is there any thing in the statute of uses and trusts which forbids the taking, by a corporation, of real estate by devise in trust for a third party, except such as are implied by the statutes of 1840, above cited, and it seems to me that if the case of *Howe's Executors*, above cited, is good law in respect to the taking and holding personalty in trust, partly for the benefit of the corporation and partly for the benefit of a third person, the principle is equally applicable and reasonable when a devise of real estate is received subject to a subordinate trust to the widow, as in this case, and it is impossible to conceive that the learned chancellor in that case, and Mr. Justice BALCOM, in *Tinkham* v. *The Erie Railway Company*, and Mr. Justice STORY, in *Vidal* v. *Girard's Executors*, above cited, and the learned authors in Perry on Trusts and Tiffany & Ballard on the same subject, should have used language applicable alike to a devise of real estate and a bequest of personal property, when they intended only to embrace a bequest.

Upon the best consideration that I have been able to give the subject, I am unable to appreciate any such distinction as is sought to be made in this case, or to perceive any good reason for denying the college in question the benefit of the devise, because coupled with a subordinate trust to the widow as a condition subsequent. I am, therefore, of the opinion that the devise to the trustees of Manhattan College in trust for its legitimate purposes, though subject to the trust in behalf of the widow, is valid and vested the

title in the corporation, and that it has full power and ample authority to execute the trust in behalf of the widow as well as for its own benefit.

The next and final question to be considered in this matter is the effect of chapter 360 of the Laws of 1860, which provides that no person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate after the payment of his or her debts; and such devise or bequest shall be valid to the extent of one-half and no more; and chapter 319 of the Laws of 1848, which provides that no person leaving a wife, child or parent, shall devise or bequeath to a benevolent, charitable, scientific or missionary society or corporation more than one-fourth of his estate after payment of his or her debts, and such devise and bequest shall be valid to the extent of one-fourth, and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator; and the earlier portion of the same section limits such a devise or bequest the clear annual income of which shall not exceed $10,000; but the counsel for the contestants, in his argument, does not raise any question under this latter section — whether because as to the prohibition respecting the annual income of the devise he regards the remedy as resting exclusively in the attorney-general against the corporation as to the question of the excess over one-fourth, and the time of executing the testament is repealed by chapter 360 of the Laws of 1860, above cited, does not appear.

I think there is no reason to doubt that the act of 1848, which seems to be confined to benevolent, charitable, literary, scientific, missionary, mission or other Sunday-school purposes, or mutual improvement in religious knowledge, or the furtherance of religious opinions, does not apply to an institution like Manhattan College; but if it did, the act of 1860 would seem to be a repeal of the prohibition contained in the sixth section of the act of 1848. In *Bascom* v. *Albertson* (34 N. Y., 616) Mr. Justice PORTER, in referring to the act of 1860, says:

"The purpose of the law is not only expressed in its title, but

apparent upon its face. It was designed to regulate and restrict the power of testators. It was neither conceived nor framed in a spirit of hostility to charitable societies; on the contrary, it enlarged the proportion of a testator's estate which he might dedicate to charitable uses in exclusion of the claims of his own immediate family." And in *Chamberlain* v. *Chamberlain* (43 N. Y., 440), Mr. Justice ALLEN treats the act as applicable to an educational institution incorporated by the Regents of the University and as a subsisting prohibitory act upon the subject.

The act of 1860 was doubtless made for the purpose of protecting the rights of husband, wife, child or parent. If the academy is covered by the act of 1860, there seems to be no doubt that it covers the college in question, and the term "literary and scientific association or corporation," would seem fully to define the character of the Manhattan College, and I have no doubt of its application to the college in question.

The point is not raised in this case, that there is no one but the widow interested in this question, and that she desires the enforcement of the devise according to the terms of the will; but in *Harris* v. *American Bible Society* (4 Abb. [N. S.], 421), Mr. Justice FULLERTON, in discussing this question, at page 427, says:

" The General Term held, and I think, properly, that the prohibition is peremptory, and may be insisted on by any person who would derive a benefit therefrom; the language is absolute, and if the courts have power in any such case to judge concerning the probable motives of the legislature, and may imply, accordingly, an exception to the positive terms of a statute (on which no opinion need now be expressed), I am unable to discover any safe ground for such a proceeding in this instance."

And in that case it is held that the prohibition is peremptory and that the half is to be computed with reference to the estate at the time of the testator's death. And in *Chamberlain* v. *Chamberlain* (above cited) it is decided that in ascertaining the estate, only one-half of which can be devised to charitable or educational corporations, under the act of 1860, the widow's dower and the debts are to be first deducted, and the latter case seems to leave no doubt as to the right of the contestants in this matter to raise the question growing out of the prohibition of the act of 1860. But as the Manhattan College, the

legatees under the disputed devise, is not a party to these proceedings, I am of the opinion that I ought not to assume to make a reference as to the amount of the estate, under the statutes of 1860, or take any further proceeding in respect to it until said college shall be brought in, and when brought in, if the counsel for the contestants shall so elect, a reference may be made to take testimony and report upon the question of the amount of the devise to said college over and above the widow's dower and the debts of the estate, and until the coming in of the referee's report and the determination of the question under section 11 of chapter 359 of the Laws of 1870, the probate should be suspended.

This case will present a fit opportunity for the ultimate determination of the question as to the jurisdiction of this court over the validity of dispositions by will, on a contest, and their construction or legal effect when questioned by any of the heirs or next of kin of the deceased, or legatee or devisee under the eleventh section aforesaid.

DAVIS, P. J., and BRADY, J., concurred.

Decree affirmed, with costs.