*IN THE MATTER OF HOWE, EXECUTOR, &c., OF ANDERSON,   [*214]
DECEASED.

Corporations cannot act as trustees in relation to any matters in which they
have no interest.
But where property is devised or granted to a corporation, partly for its own
use and partly for the use of others, the right of the corporation to take
and hold the property for its own use, carries with it, as a necessary inci-
dent, the power to execute that part of the trust which relates to others.
Where an executor upon sufficient grounds applies to the court for direction,
he will be permitted to retain the costs of the application out of the prop-
erty of the testator, not specifically bequeathed.

NICHOLAS ANDERSON, the testator, gave to the corpora-  October 7th.
tion of St. George's Church, in New York, a legacy of
$4,000, in trust that the same should be put out at interest,
or vested in public stocks; and that the income thereof
should be paid to his housekeeper for life, and after her
death, the income thereof to be applied to the purchase of
a church library, the support of a Sabbath school in the
church, and other church purposes to which the church
contributions may be applied, agreeably to the canons of
the Episcopal church. The counsel of the executor ad-
vised him that the corporation could not act as trustees of
the legacy during the life of the housekeeper; whereupon,
he applied by petition to this court for direction, and the
corporation, housekeeper and the residuary legatee joined
in the application, and submitted their rights to the decis-
ion and direction of the Chancellor.

1828.

In the Matter
of Howe.

[*215]

*C. C. King* for petitioner.

THE CHANCELLOR:—It is a general rule that corporations cannot exercise any powers not given to them by their charters or acts of incorporation; and for that reason they cannot act as trustees in relation to any matters in which the corporation has no interest.[1] But wherever property is devised or granted to a corporation, partly for its own use and partly for the use of others, the power of the corporation to take and hold the property for its own use carries with it, as *a necessary incident, the power to execute that part of the trust which relates to others.

In this case the substantial part of the legacy is for the benefit of the corporation; and the income thereof, after the death of the housekeeper, is to be applied to some of the purposes to which the rector, churchwardens and vestrymen are authorized to apply the general funds or temporalities of the church committed to their management. The testator had a right to limit his bounty to a part of the objects to which they might appropriate the general funds of the corporation. He also had a right to direct when the income should be applied for that purpose. If the corporation receive the legacy, it must be received charged with the payment of the interest or income to the housekeeper for life. The corporation must execute the trust in her favor, to enable them to obtain the fund which is afterwards to be appropriated to corporate purposes. The legacy must therefore be paid over to the rector, churchwardens and vestrymen, as the representatives of the corporators, who are bound to carry into effect the testator's will in respect to the same.

As there was ground for taking the direction of the court in relation to this legacy, and the executor having submitted the question in the cheapest possible mode, he is entitled to retain his costs of this application out of the property of the testator which is not specifically bequeathed.

[1] *Jackson* v. *Hartwell*, 8 John. 422.