In the matter of the estate of ABRAHAM G. THOMPSON, on appeal of Hill and others.

The trustee of a fund for the purpose of paying the same over to another, is not entitled to administration, to the same extent as if he were the owner of the fund.

The intent of the statute was to give the right to administer to the party really interested in the residue of the estate.

Where a legacy is given to the treasurer of a society, for the time being, for the use of the society, the right to administer is in the *cestui que trust*, whose interest is to be protected. If the *cestui que trust* is not a natural person, but a corporation and is therefore incompetent, then the next person named in the statute is entitled to administration.

The objection, to the grant of letters of administration to an individual, that he is *cestui que trust* under the will, as to a portion of the estate, which by the will is placed in the hands of the executors as trustees for him, cannot be taken by one who is himself an applicant for letters of administration as being a residuary legatee, in trust, under the will.

If such an objection were valid, the proper remedy would be a proceeding to have a trustee appointed, to take charge of the fund; the administrator and his sureties being, in the meantime, responsible for the proper administration of the trust fund.

THIS appeal is taken from an order of the surrogate of New York, appointing Edward G. Thompson, jun. administrator with the will annexed of Abraham G. Thompson. The appeal is taken by Henry Hill, who claimed the right to administration as the residuary legatee under the will. Hill has no personal interest in the estate, but is the trustee for a religious or charitable society, which with other societies, is entitled to the residue of the estate.

*Tracy, Wait & Olmstead,* for the appellants.

*Blatchford, Seward & Griswold,* for the respondents.

*By the Court,* INGRAHAM, J. It is very clear that the residuary legatees in interest are the charitable associations to whose use the residue of the testator's estate is to be applied, and that the trustee has no personal interest therein. It is

equally clear that the corporations or societies could not be the administrators of the estate. The question which the appellants raise here is, whether the trustee of a fund for the purpose of paying the same over to another is entitled to administration to the same extent as if he was the owner of the fund. We think not. The intent of the statute was to give the right to administer to the party really interested in the residue of the estate. The legacy in this case is to the officer of the society for the time being, for the use of the society. The right to administer is in the *cestui que trust* whose interest is to be protected. If incompetent, then the next person named in the statute is entitled to administration. It is not denied that Thompson was the next of kin, and as there is no objection made that any specific legatee prior to Thompson claimed to be appointed, in the absence of any residuary legatee entitled to administration, the surrogate did not err in granting letters to Thompson.

The other objection, taken to the grant of letters to Thompson, is that he is *cestui que trust* under the will to a portion of the estate which by the will is placed in the hands of the executors as trustees for him. Such an objection cannot well be taken by the appellants. If the objection was valid, the proper remedy would be a proceeding to have a trustee appointed to take charge of the fund. In the meantime the administrator and his sureties would be responsible for the proper administration of the trust fund.

We think the order appealed from should be affirmed.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Ingraham*, Justices.]