HERBERT P. SHELDON, as Executor and Testamentary
Trustee etc., of PROCTOR TONG, Respondent, *v.* LAURA
CHAPPELL, Appellant, and the BOARD OF FOREIGN
MISSIONS OF THE PRESBYTERIAN CHURCH, in the
United States of America, as Testamentary Trustee for
the Woman's Foreign Missionary Society of the Presby-
terian Church in Philadelphia, Pennsylvania, Respondents.

*Trust to one corporation to hold property for another — when the former corpora-
tion may act as trustee — the trust will not be allowed to fail for want of a trustee,
even if the trustee named be incompetent to act.*

The plaintiff's testator, by his will, provided, among other things, as follows : " I
further give and bequeath to the Board of Foreign Missions of the Presbyterian
Churches, in the United States of America, incorporated by the legislature of
the State of New York, the sum of one thousand dollars, in trust, to be appro-
priated and applied for the use and benefit of the Woman's Foreign Missionary
Society of the Presbyterian Church, located in the city of Philadelphia, Pa."
The corporation named as trustee was created under the laws of the State of
New York " for the purposes of establishing and conducting Christian missions
among the unevangelized or pagan nations," and was authorized to hold any real
or personal estate for the purposes of said corporation; the corporation named as
the beneficiary was incorporated under the laws of the State of Pennsylvania
" for the purpose of aiding the Presbyterian Board of Foreign Missions, by
promoting its work among the women and children of heathen lands : "
*Held,* that the first named corporation might lawfully take the bequest in trust
for the beneficiary above named.
*First.* Because the work of said beneficiary was directly in the line of the work
of the board of foreign missions, and the use to which the bequest would be put
was strictly within the scope of the purposes for which the latter was incorporated.
*Second.* Because a corporation may take and hold in trust, for another, or for an
individual, any fund or property in which the trustee itself has an interest.
*It seems,* that even if the corporation named as trustee had no beneficial interest in
the use and purposes of the trust, yet, as the trust was lawful, it would be sus-
tained, and a case would be presented which would require the appointment of
a new trustee to be substituted by the court for the trustee named in the will,
which was incompetent to act.
That equity would not permit a valid trust for ascertained beneficiaries to fail for
want of a trustee, and would supply a new trustee in case the trustee named in
the will was incompetent to execute the trust.

Appeal from a judgment of the Livingston Special Term,
entered in favor of the Board of Foreign Missions of the Presby-
terian Church of the United States of America, as testamentary

trustees for the Woman's Foreign Missionary Society of the Presbyterian Church, in Philadelphia, Pennsylvania.

This action was brought for the purpose of securing a judicial construction of the last will and testament of Proctor Tong, late of Livingston county, who died on the 26th day of August, 1884, and whose last will and testament was admitted to probate by the surrogate of that county before the commencement of this action, letters testamentary under which were issued to the plaintiff.

The appellant, Laura Chappell, who is made defendant, is sole heir-at-law and only next of kin of the deceased. The testator made several specific bequests, and among them was one in trust, founded upon a provision in the will, in the following words: " I further give and bequeath to the Board of Foreign Missions of the Presbyterian Church in the United States of America, incorporated by the legislature of the State of New York, the sum of one thousand dollars in trust, to be appropriated and applied for the use and benefit of the Woman's Foreign Missionary Society of the Presbyterian Church, located in the city of Philadelphia, Pa." The corporations named as trustee and beneficiary, and the appellant, Laura Chappell, appeared and answered. The cause was tried at the Livingston Special Term. One of the questions litigated and determined was as to the validity of the gift of $1,000 in trust, as above stated. The corporation named as trustee was created by the laws of this State (chap. 187, Laws of 1862), by which Walter Lowrie and others, who are all named in the act, and such others as they may associate with themselves were constituted " a body corporate and politic forever, by the name of the Board of Foreign Missions of the Presbyterian Church in the United States of America, for the purpose of establishing and conducting Christian missions among the unevangelized or pagan nations, and the general diffusion of Christianity ; and by that name they and their successors and associates shall be capable of taking, by purchase, grant, devise or otherwise, holding, conveying or otherwise disposing of any real or personal estate for the purpose of said corporation, but which estate within this State shall not at any time exceed the annual income of twenty thousand dollars."

The corporation named as the beneficiary of the trust fund was incorporated under the laws of the State of Pennsylvania, and it

was declared thereby that "the said corporation is formed for the purpose of aiding the Presbyterian board of foreign missions by promoting its work among the women and children of heathen lands; to receive and disburse all moneys which shall be contributed to the society, in the appointment of missionaries supported by the society, and to organize similar associations in all Presbyterian churches to bear the name of auxiliary societies to the Woman's Foreign Missionary Society of the Presbyterian Church," and that the business of said corporation was to be transacted in the city of Philadelphia.

The trial court held that the trust was valid and that the trustee had the power to administer the same. From that part of the decree Laura Chappell appealed.

*Kidder M. Scott,* for the appellant.

*A. J. Abbott,* for The Board of Foreign Missions.

*W. F. Gelston,* for the executor.

Barker, J.:

In sustaining the trust in question, the justice presiding at Special Term gave his reasons in support of his conclusion, in an opinion, of which the following is a copy: "The two institutions named as trustee and *cestui que trust,* respectively, are incorporated, the former under the laws of the State of New York, the latter under those of Pennsylvania; the former for the purpose of establishing and conducting Christian missions among the unevangelized or pagan nations, and the general diffusion of Christianity, the latter for the purpose of aiding the former by promoting its works among the women and children of heathen lands.

"It seems to me that this statement presents a case, in which upon well established principles, the first named corporation may take a bequest in trust for the other.

"In *Chamberlain* v. *Chamberlain* (43 N. Y., 424), it was held overruling or modifying the judgment of the Supreme Court in the same case (3 Lans., 348), that a bequest to the Centenary Fund Society of the Erie Annual Conference (corporation) for the benefit of Allegany College (another corporation) was to be upheld because among the purposes of the former corporation (trustee) was the support of liberal education under the direction of said confer-

ence, and the other corporation (*cestui que trust*) was incorporated for the education of youth   *   *   *   in the liberal arts and sciences; thus the gift to the former in trust, for the latter institution, was upheld because the use was one within the purpose, for which the trustee was incorporated.

"The case at bar seems to me even a stronger one for the application of the principle stated. The work of the Woman's Missionary Society is directly in the line of the work of the Board of Foreign Missions, the use to which the bequest must be put is strictly within the scope of the purpose for which the latter was incorporated.

"But there is another principle upon which the bequest must, I think, be upheld. A corporation may take and hold in trust for another or for an individual, any fund or property in which the trustee itself has an interest. (Perry on Trust, § 44; in the Matter of Howe, Ex'r., etc., 1 Paige, 214.) In this case the interest of the Board of Missions in the bequest for the use of the Woman's Missionary Society is sufficiently manifest, and ·is, I think, such as to answer the requirements of the rule as stated.

"It is not merely a moral or sentimental interest, but a substantial, beneficial interest, in the use to which it is to be put.

"Referring to the quotation heretofore given from the several acts of incorporation of the two institutions, we see that the Woman's Missionary Society was incorporated for the purpose of aiding the board of Foreign missions by promoting its works among 'the women and children of heathen lands.' Its work is, therefore, strictly auxiliary to that of the board of missions; the one is organized to do a branch of the work of the other; by so much as the Woman's Missionary Society supplies the means and instrumentalities for the work of missions, by so much are the funds and resources of the board of missions relieved from demand upon them; where the board of missions might otherwise be required to support two missionaries, it may now be required to support but one, by reason of the share of the work provided for by the Woman's Missionary Society; and so a gift to the latter is, in practical effect, a gift to the former. Here is a case then in which the trustee has a positive, beneficial interest, not in a party only, but in the whole of the fund given for the use of the *cestui que trust;* and the practical effect

of the whole bequest is to devote the fund to the use of the board of missions with a direction only as to the particular department of its work to which it shall be applied."

In this construction of the statute as to the power and purpose of the respective corporations as granted to them by their charters, we fully concur in the conclusions of the trial court as expressed in its opinion. The judgment may well be affirmed in all respects without further consideration. But it does not follow as a necessary legal conclusion that the trust intended to be created by the testator is invalid and must fail for the reason that the corporation named as trustee, does not possess the power to execute the same. The whole argument in behalf of the appellant has been devoted in support of the position, that the corporation to whom the fund was given in trust, could not take the title to the fund and administer the trust, because it took no beneficial interest therein, and for that reason the trust fails and the funds should be distributed to the next of kin of the testator. The purposes of the trust were lawful in every respect, and if a trustee had been named having the power to take the title, the appellant does not contend that the trust would have been invalid. The corporation for whose use the trust was created was capable of taking the funds from the hands of a competent trustee and devoting it to the purpose of its own organization, as declared by its charter. It is a general rule that a court of equity never suffers an express trust to fail, from the want of a trustee, whether the same arises from the fact that no trustee was named, or that the one named is disqualified from acting or from a trustee's refusal to act, or from other causes, for the court will appoint a trustee to execute the trust or treat the person in whom the legal title is vested as the trustee. Where a corporation is named as trustee, it is true that if the trust be repugnant to or inconsistent with the proper purposes for which the corporation was created, that may be a good ground why it may not be compelled to execute the trust, but it is no good ground for declaring the trust itself void if otherwise unexceptionable, and would present a case which requires a new trustee to be substituted by the proper court possessing equity jurisdiction to enforce and perfect the objects of the trust. This will be obvious upon an examination of the authorities to some of which we refer.

In Story's Equity Jurisprudence (vol. 2, § 976), the general rule is stated as follows : " That where property has been bequeathed in trust, without the appointment of a trustee, if it is personal estate, the personal representative is deemed the trustee; and if real estate, the heir or devisee is deemed the trustee, and is bound to its due execution." In *Bascom* v. *Albertson* (34 N. Y., 591), the same general rule was stated and approved in the following language : " It does not follow ⁂ ⁂ ⁂ that where there is a valid trust for ascertained beneficiaries it will be permitted to fail for want of an original trustee; for, in such a case, chancery will supply the defect in the exercise of its ordinary jurisdiction over trusts in general."

*Sonley* v. *The Clock Makers' Company* (1 Brown's Ch. R., 81), is a case precisely in point. There the devise was of a freehold estate, to the testator's wife for life, the remainder to his brother C., in tail male, with remainder to the Clock Makers' Company, in trust, to sell for the benefit of the testator's nephews and nieces. The devise being to a corporation, was, by the English statute of wills, void; that statute prohibiting devises to corporations; and the question was whether its being so void, the heir-at-law took beneficially or subject to the trust, and it was held that, although the devise to the corporation was void at law, yet the trust was sufficiently created to fasten itself upon the estate and that the trust could be preserved and carried into effect by the appointment of a competent trustee.

In *De Barante* v. *Gott* (6 Barb., 492), the rule of equity, that it never wants a trustee to carry out a valid trust was applied, the case being, that the testator failed to name a trustee to execute the trust, and it was held that the heir-at-law, to whom the title to the land descended, because no trustee was named to take the same, took the title to the lands subject to the trust. (See, also, 2 Pomeroy's Eq. Jur., § 1007 ; *Vidal* v. *Girard's Executors*, 2 How. [U. S.], 127; *Adams* v. *Adams*, 21 Wall., 185 ; Perry on Trust, § 38.; *In the Matter of Howe*, 1 Paige, 214 ; *Kings* v *Donnelly*, 5 Paige, 46.)

The corporation named in the will as beneficiary is competent to take and use the trust fund for the purpose of its incorporation; the fact that it is a foreign corporation does not deprive it of the right to demand that the trust be executed, as it is valid under the laws of this State, where the testator resided. (*Chamberlain* v. *Chamberlain*, 43 N. Y., 424.) The trustee named by the testator was vested

with no discretionary power as to the mode and manner of execu_ ting the trust. Its simple duty was to receive the fund and to apply the same for the use and benefit of the beneficiary named.

In *Chamberlain* v. *Chamberlain* the question we are now considering was not presented. There the controversy was, whether the corporation named as trustee. possessed the power to execute the trust and had the right to receive the trust funds from the hands of the testator's executors and apply the same under the provisions of its own charter, and as the trust was upheld it is an authority sustaining the position of the Special Term, that the trust was valid because the purposes of the trust were germain to the objects of its incorporation and tended to aid and promote the chief purpose for which it was created.

Therefore, if it should be held, that the trustee named had no power to execute the trust, the appellant would take the title to the bequest impressed with the trust created by the testator, and would not be entitled to a judgment ordering the same to be paid over to her in her own right. But as we fully concur in the conclusion reached by the Special Term, the part of the judgment now under review is affirmed, with one bill of costs to be paid by the appellant to the defendants, who are respondents on this appeal.

SMITH, P. J., HAIGHT and BRADLEY JJ. concurred.

Judgment affirmed, with one bill of costs to the respondents.