### In re RHODA.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. ADMINISTRATOR—CORPORATION—POWERS.

   A corporation, as a creditor of a person dying within the state, is not entitled to letters of administration on the estate of such person.

2. SAME—STATUTE—CONSTRUCTION.

   Under Code Civ. Proc. § 2660, providing that if no relative or guardian of a minor relative will accept letters of administration they must be granted to a creditor, and that if no creditor applies the letters must be granted to any other person legally competent, where a person dies within the state leaving property therein, but no relative or next of kin, and no creditor except a corporation, letters of administration are properly issued to the first legally competent person applying therefor.

3. SAME—REVOCATION OF LETTERS—RIGHT TO RAISE OBJECTIONS.

Under Code Civ. Proc. § 2685, providing that a creditor of a decedent may present a written petition for revocation of the letters, one who was not a creditor of the decedent when the letters were issued cannot object.

4. SAME—FALSE SUGGESTION.

Under Code Civ. Proc. § 2685, providing that a creditor of a decedent may petition for the revocation of the letters where the grant was obtained by a false suggestion of a material fact, the fact that the petition on which the letters were granted to one who was not a relative or creditor failed to state that a certain corporation was a creditor of decedent's estate was not ground for revocation on the petition of one who subsequently became a creditor by assignment of the claim of the corporation against the decedent's estate.

5. SAME—GROUNDS FOR REVOCATION—AVAILABILITY.

Objections that the petition on which letters of administration were issued stated all facts on information and belief merely, and failed to aver that decedent was a resident of the county or state, are not grounds for a revocation of letters under Code Civ. Proc. § 2685.

6. SAME.

Where the evidence on a hearing of a petition for revocation of letters of administration disclosed all the material facts on which the letters could originally have been issued, the surrogate was justified in refusing to revoke the letters merely because the petition on which the letters were granted failed to aver the existence of such facts.

Appeal from Order of Surrogate, St. Lawrence County.

In the matter of the application of Thomas Rhoda, a creditor, for the revocation of letters of administration granted in the estate of Ricuci Ciotto, deceased. Application denied, and Rhoda appeals. Affirmed.

Ricuci Ciotto died in the county of St. Lawrence on the 5th day of August, 1902. At that time he was at work for the Rossie Iron Ore Company in such county, was an Italian, and had no relatives in this country, but had a mother residing in Italy. His death was caused by part of the roof of the mine of such company, where he was at work, falling upon him; and it is claimed that such accident occurred through the negligence of said company. At the time of his death, he was buried by or under the direction of said company, and that company thereby incurred some $25 or $30 of expense. On February 9, 1903, Michael H. Flaherty, who was the treasurer of said county, applied to the surrogate for letters of administration upon the deceased's estate, claiming that there were no relatives within the state, nor any creditors or other persons who had a prior right to such letters; and such application was made for the avowed purpose of commencing an action against the company, on behalf of the deceased's mother, for its negligence which caused the death. Letters were thereupon issued to him, bearing date February 10, 1903, and subsequently an action was commenced by him, and is now pending, against the company to recover damages for such death. Subsequently, and on the 26th day of March, 1904, Thomas Rhoda, who is a foreman in the employ of said company, filed a petition praying for the revocation of such letters theretofore issued to said Flaherty. Said Rhoda claims to be a creditor of said estate, and such claim is based upon the fact that on the 12th day of March, 1904, the company assigned to him its claim for funeral expenses against the estate of said deceased, and that he had advanced the sum of $1.50 to pay the expense of digging the grave. The surrogate denied such application, and from his order entered thereon this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

D. B. Lucey, for appellant.

Ledyard P. Hale, for respondent.

PARKER, P. J. When the decedent died, he left no relatives or next of kin within this state; and when the letters of administration were issued to Michael ·H. Flaherty, some six months after such decedent's death, there was no creditor against his estate, except the Rossie Iron Ore Company, and neither next of kin nor creditor had applied for such letters. The said Flaherty was the first and the only person who had then applied, and, under the provisions of section 2660 of the Code of Civil Procedure, there was no other person then in the state who had a right to such letters prior to him. The only creditor being a corporation that was not entitled to take out letters (Matter of Thompson, 33 Barb. 334), and there being no next of kin within the state, there was no person to whom a citation should have been issued, and therefore, Flaherty being "a person legally competent," his appointment was not an irregular or invalid one.

The appellant, Rhoda, now claiming to be a creditor of the deceased, asks to have the letters so issued to ˙Flaherty revoked. Concede that he, Rhoda, is now a creditor as assignee of the Rossie Iron Ore Company, and therefore, under the language of section 2685, has a standing in court to make such application, it is clear that he was not such a creditor when the letters were issued. ˙At that time he had no interest whatever in that proceeding. I so conclude because the claim that he advanced $1.50, for digging grave, out of his own pocket, was so clearly done as an employé of and on behalf of the Rossie Iron Ore Company, that it is plain that such company, and not Rhoda individually, became the creditor against deceased. Not being then a creditor, he was not entitled to any citation, and his rights were not in any way affected by Flaherty's appointment. But concede that he may, under section 2685, make this application, the only ground for revocation given by such section which he can rely upon is that the grant of such letters was obtained by the false suggestion that there were no creditors. It is true that there was one creditor, but it was not this appellant. As stated above, it was a corporation to which letters could not have been issued, and therefore the proceeding and the result would have been the same had the fact that such company was a creditor been stated in the petition. Therefore, though such suggestion was inaccurate and false, it was not ground for revoking the letters. Section 2687. None of the other grounds for revocation allowed by such section 2685 were established by the appellant, and hence his application was properly denied.

It is urged by the appellant that the petition upon which Flaherty was appointed administrator states all the material facts upon information and belief merely, and that it does not aver, even in that manner, that decedent was a resident of St. Lawrence county, or of this state, and that it was utterly insufficient to give the surrogate of such county jurisdiction to issue letters upon his estate. None of the defects suggested by this objection seem to be available upon this proceeding. They are not grounds for a revocation given by section 2685. But it appears upon the hearing of this application

that all the material facts necessary to authorize the issuing of letters to Flaherty actually did exist at the time such letters were issued. Thus, Ciotto had died in the county of St. Lawrence, leaving personal property therein, and at that time, at least, having his domicile therein; that he had no next of kin within the state, and no creditors except the said company; and, even though such facts did not sufficiently appear by the said petition, inasmuch as they were made to appear upon the application to revoke the letters, the surrogate was justified in refusing to revoke them.

The order should be affirmed, with $10 costs and disbursements. All concur.