In the Matter of the Application of a Creditor for the Revocation of Letters Heretofore Granted upon the Estate of RICUCI CIOTTO.

THOMAS RHODA, Appellant; MICHAEL H. FLAHERTY, as Administrator, etc., of RICUCI CIOTTO, Deceased, Respondent.

*Revocation of letters of administration granted to the county treasurer — one to whom a claim against the decedent was assigned by a corporation after the issue of the letters cannot apply therefor under section 2685 of the Code of Civil Procedure — what defect in the petition for letters by the county treasurer is not ground for their revocation.*

One Ciotto, an Italian, who had no relatives in the United States, but had a mother residing in Italy, while employed by a corporation in the county of St. Lawrence in the State of New York, was killed in consequence of the alleged negligence of such corporation. The deceased, who died intestate, was buried by the corporation at an expense of twenty-five dollars or thirty dollars. Thereafter the treasurer of the county, for the avowed purpose of bringing an action against the corporation to recover damages for the decedent's death, obtained letters of administration upon the estate pursuant to a petition in which he alleged that the deceased left no relatives within the State of New York and that there were no creditors or other persons who had a prior right to such letters.

After the commencement of the action to recover damages for the decedent's death, a foreman in the employ of the corporation, claiming to be a creditor of the estate by virtue of an assignment from such corporation of its claim for the funeral expenses of the deceased, which assignment was executed subsequent to the issuing of the letters of administration to the county treasurer, filed a petition under section 2685 of the Code of Civil Procedure for the revocation of the letters of administration.

*Held*, that the application was properly denied;

That the appointment of the county treasurer as administrator was valid, there being at the time he was appointed no next of kin within the State and no creditor except a corporation which was not entitled to take out letters;

That, conceding that the foreman of the corporation was entitled to apply for the revocation of the letters under section 2685 of the Code of Civil Procedure, the falsity of the statement in the petition for such letters, that there were no creditors of the estate, did not, in view of the fact that the sole creditor was incompetent to take letters, constitute sufficient ground for such revocation;

That the objection that the petition upon which the letters of administration were granted stated all the material facts on information and belief and was, therefore, insufficient to confer jurisdiction on the surrogate to issue the letters, was not available in the proceeding;

That even though the material facts did not sufficiently appear from the petition upon which the letters were issued, inasmuch as they had been made to appear upon the application for the revocation of the letters, the surrogate was justified in refusing to revoke them.

APPEAL by the petitioner, Thomas Rhoda, from an order of the Surrogate's Court of the county of St. Lawrence, bearing date the 21st day of October, 1904, and entered in said Surrogate's Court, denying the petitioner's application for the revocation of letters of administration upon the estate of Ricuci Ciotto, deceased, theretofore issued to Michael H. Flaherty, the treasurer of the county of St. Lawrence.

Ricuci Ciotto died intestate in the county of St. Lawrence on the 5th day of August, 1902. At that time he was at work for the Rossie Iron Ore Company in such county, was an Italian and had no relatives in this country, but had a mother residing in Italy. His death was caused by part of the roof of the mine of such company, where he was at work, falling upon him; and it is claimed that such accident occurred through the negligence of said company. At the time of his death he was buried by or under the direction of said company, and that company thereby incurred some twenty-five or thirty dollars of expense.

On February 9, 1903, Michael H. Flaherty, who was the treasurer of said county, applied to the surrogate for letters of administration upon the deceased's estate, claiming that there were no relatives within the State, nor any creditors or other persons who had a prior right to such letters; and such application was made for the avowed purpose of commencing an action against the company on behalf of the deceased's mother, for its negligence which caused the death. Letters were thereupon issued to him bearing date February 10, 1903, and subsequently an action was commenced by him, and is now pending, against the company to recover damages for such death. Subsequently, and on the 26th day of March, 1904, Thomas Rhoda, who is a foreman in the employ of said company, filed a petition praying for the revocation of such letters theretofore issued to said Flaherty. Said Rhoda claims to be a creditor of said estate, and such claim is based upon the fact that on the 12th day of March, 1904, the company assigned to him its claim for funeral expenses against the estate of said deceased,

and that he had advanced the sum of one dollar and fifty cents to pay the expense of digging the grave. The surrogate denied such application, and from his order entered thereon this appeal is taken.

*D. B. Lucey,* for the appellant.

*Ledyard P. Hale,* for the respondent.

PARKER, P. J.:

When the decedent died he left no relatives or next of kin within this State, and when the letters of administration were issued to Michael H. Flaherty, some six months after such decedent's death, there was no creditor against his estate, except the Rossie Iron Ore Company, and neither next of kin nor creditor had applied for such letters. The said Flaherty was the first and the only person who had then applied, and under the provisions of section 2660 of the Code of Civil Procedure there was no other person then in the State who had a right to such letters prior to him. The only creditor being a corporation that was not entitled to take out letters (*Matter of Thompson's Estate,* 33 Barb. 334), and there being no next of kin within the State, there was no person to whom a citation should have been issued (Code Civ. Proc. §§ 2660, 2663), and, therefore, Flaherty being, under section 2660 of the Code of Civil Procedure, a " person * * * legally competent," his appointment was not an irregular or invalid one.

The appellant Rhoda, now claiming to be a creditor of the deceased, asks to have the letters so issued to Flaherty revoked. Concede that he, Rhoda, is now a creditor as assignee of the Rossie Iron Ore Company, and, therefore, under the language of section 2685 of the Code of Civil Procedure has a standing in court to make such application, it is clear that he was not such a creditor when the letters were issued. At that time he had no interest whatever in that proceeding. I so conclude because the claim that he advanced one dollar and fifty cents for digging grave out of his own pocket was so clearly done as an employee of, and on behalf of the Rossie Iron Ore Company, that it is plain that such company, and not Rhoda individually, became the creditor against deceased. Not being then a creditor, he was

not entitled to any citation, and his rights were not in any way affected by Flaherty's appointment. But concede that he may, under said section 2685, make this application, the only ground for revocation given by such section which he can rely upon is that the grant of such letters was obtained by the false suggestion that there were no creditors. It is true that there was one creditor, but it was not this appellant. As stated above, it was a corporation to which letters could not have been issued, and, therefore, the proceeding and the result would have been the same had the fact that such company was a creditor been stated in the petition. Therefore, though such suggestion was inaccurate and false, it was not ground for revoking the letters. (Code Civ. Proc. § 2687.) None of the other grounds for revocation allowed by such section 2685 were established by the appellant, and hence his application was properly denied.

It is urged by the appellant that the petition upon which Flaherty was appointed administrator states all the material facts upon information and belief *merely*, and that it does not aver even in that manner that decedent was a resident of St. Lawrence county, or of this State, and that it was utterly insufficient to give the surrogate of such county jurisdiction to issue letters upon his estate. None of the defects suggested by this objection seem to be available upon this proceeding. They are not grounds for a revocation given by section 2685 of the Code of Civil Procedure. But it appears upon the hearing of this application that all the material facts necessary to authorize the issuing of letters to Flaherty actually did exist at the time such letters were issued. Thus, Ciotto had died in the county of St. Lawrence, leaving personal property therein, and at that time, at least, having his domicile therein; that he had no next of kin within the State and no creditors, except the said company; and even though such facts did not sufficiently appear by the said petition, inasmuch as they were made to appear upon the application to revoke the letters, the surrogate was justified in refusing to revoke them.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.