In the Matter of Proving the Last Will and Testament of HANNAH C. ESMOND, Deceased.

Surrogate's Court, Orange County, August 22, 1932.

*Henry W. Chadeayne,* for the petitioner.

TAYLOR, S. The Geraldine and Warner Refuge, Inc., is a membership corporation organized in 1922, having its principal object " to furnish to worthy young men without means or Friends to aid them, financial assistance, while preparing for or pursuing a college or professional course." Decedent's husband, who was a member of the bar, and decedent were among the organizers. The will offered for probate names the decedent's husband as executor and provides that in the event the decedent should survive her husband the Geraldine and Warner Refuge, Inc., should be executor. The husband predeceased the wife.

The first question to be considered is whether this corporation may legally act as executor.

It is the general rule that corporations possess only those powers expressly given them in their certificates of incorporation, plus such powers as may be expressly conferred by statute and those which, though not expressly contained in the certificate or statute, are necessarily incident to the transaction of the corporate affairs. (Gen. Corp. Law, §§ 13, 14; 14A C. J. 246; *Gause* v. *Commonwealth Trust Company,* 196 N. Y. 134; *Schwab* v. *Potter Co.,* 194 id. 409.)

The will offered for probate, after providing certain specific bequests and the investment of two different funds for the benefit of an individual and a hospital, gives and devises all of the decedent's property to the Geraldine and Warner Refuge, Inc.

Ordinarily a corporation other than one of a fiduciary character cannot act as executor. (*Matter of Howe,* 1 Paige Ch. 213; *Matter of Thompson,* 33 Barb. 334; affd., 28 How. Pr. 581; *Matter of Ciotto,* 105 App. Div. 143.)

Were this corporation denied the right to act as executor, it being the residuary legatee, it would ordinarily be the petitioner for letters of administration c. t. a., and as the Surrogate's Court Act (§ 133, subd. 2) provides that a corporation which is a residuary legatee may qualify to act as such administrator, although not specifically authorized by its charter or any provision of law, it is my opinion that, under the circumstances of this case, by virtue of this statute, it is entitled to letters testamentary.

The will further provides that in the event the testatrix survives her husband, the Geraldine and Warner Refuge, Inc., " from the money and property left it by me," invest $1,500 for the benefit of Mary E. Round during the term of her natural life, and that " the principal thereof shall ever remain the property of said cor-

poration." There is a somewhat similar provision for the benefit of St. Luke's Hospital of Newburgh.

It might possibly be argued that this corporation is not a technical trustee as to ·these two funds, although as to that question a decision is not now necessary because of authorities holding that " wherever property is devised or granted to a corporation, partly for its own use and partly for the use of others, the power of the corporation to take and hold the property for its own use, carries with it, as a necessary incident, the power to execute that part of the trust which relates to others." (*Matter of Howe*, 1 Paige Ch. 214.)

In *Currin* v. *Fanning* (13 Hun, 458) there was a devise of real estate to Manhattan College upon the express condition that out of the rents the trustee should pay an annuity to the testator's wife. It was said in that case that " we perceive no valid objection to a devise of property to a corporation, for a purpose clearly defined, and proper in itself, even though charged with the payment of an annuity out of the rents and profits. What objection could there be to a corporation accepting a devise of real estate, subject to the payment of rent upon a lease thereon? How does the devise in question differ in legal effect? We do not discover wherein the devise in question contravenes any statute or settled legal principle " (pp. 461, 462).

*Tabernacle Church* v. *Fifth Avenue Church* (60 App. Div. 327; affd., 172 N. Y. 598) involved a trust instrument transferring certain bonds to the defendant, the income from which should be paid to plaintiff for certain specific work. The Appellate Division in that case likened it to *Matter of Howe* (1 Paige Ch. 214), and added that " in the present case the corporation is directed to use the income in accordance with the law of its creation, for its own purposes, except as to the income for a limited period, and the direction as to the manner of its use, within that law, does not affect its ownership nor make it a trustee " (p. 335).

Letters will issue to the executor named.