Pierson R. Hildreth, S.
It appears that the propounded instrument was duly executed and that at the time of execution thereof the decedent was in all respects competent to make a will and not under restraint. The genuineness of the will and the validity of its execution having been shown to the satisfaction of the Surrogate it is admitted to probate. (Surrogate’s Ct. Act, § 144; Decedent Estate Law, § 21.)
A question arises concerning appointment of the executor. The testator left his entire estate to his sister as sole legatee and devisee. The will dated July 31, 1961, named such sister together with a named firm of attorneys as executors. The testator died November 8, 1964, and the sister as an executrix named in the will petitioned for its probate, and for issuance of letters testamentary to herself as sole executrix. The petitioner alleged that the named firm of attorneys was not in existence at the date of testator’s death and further that there was no legal authority for a firm as such to be appointed to act as executor. The individuals who once comprised the firm are attorneys, but the firm was dissolved before the testator died. One of the former members of the firm presently engages *816 in the practice of law, hut the other, however, does not now engage in practice because of statutory conflict with his present duties as an attorney employed in a court of record. Both however state that they believe themselves to be legally entitled to serve under the designation of the will, and if legally entitled that they wish to do so.
In the opinion of the court a partnership as such is not eligible for appointment as executor of a will, and the designation of a firm of attorneys as executor is without effect. Section 155 of the Surrogate’s Court Act provides only for issuance of letters testamentary to a “person”. There is statutory provision enabling trust companies to act as fiduciary, but none authorizing a partnership as such to so act. Nor is the court inclined to construe the designation of a firm as a designation of the individuals, whether few or many, who may be members of the firm. Nor will the court assume that the testator intended the designation to be of any effect, assuming it was otherwise proper, after the firm as such was dissolved. Accordingly, the request of the former members of the firm to be appointed coexecutors is denied. Letters testamentary are granted to petitioner as sole executrix.