William J. Regan, S.
The will of the above decedent has been offered for probate and the question of whether the Niagara Falls Historical Society, Inc. one of the two named executors, was qualified to act as. executor was raised. Under the will of the above decedent there are various bequests, among which is one to the Niagara Falls Historical Society of Niagara Falls, New York. The residuary clause states that the remainder of the estate shall be divided among all of the legatees, so in effect *236 the Niagara Falls Historical Society is one of the residuary legatees. The testator specifically nominated as executors Herbert B. Forbes and the Niagara Falls Historical Society.
Generally speaking, it is a “ trust company or other corporation authorized to act as fiduciary which may act as a representative of an estate.”
SCPA 1418 (subd. 4) states “ a corporation which is a sole or residuary legatee may act as administrator with will annexed although not specifically so authorized by its charter or by any provision of law.”
There are several cases which have touched upon this subject but none directly in point. (Matter of Bartholomew, 45 Misc 2d 815; Matter of Bergdorf, 206 N. Y. 309; Matter of Esmond, 144 Misc. 609; Matter of Rath, 107 Misc. 598.)
Counsel for the society has furnished a statement to the court that this society was incorporated in or about February, 1926 and that under its charter it has the power to hold both real and personal property and acquire same by gift, devise, bequest, etc.
Under all the aforesaid circumstances the court will order that the Niagara Falls Historical Society, Inc. may act as coexecutor with Herbert B. Forbes.