William J. Began, S.
The will of Tekla Palmquist executed on February 1, 1954, provides as follows: “ paragraph eighteenth : I hereby nominate, constitute and appoint the Pastor *588 of the Swedish Lutheran Church, of Buffalo, New York, my attorney, feed -b. schabf and my nephew, cabl g. milleb, executors of this my Last Will and Testament, they-'to act without bond, hereby giving and granting unto my said executors, or the survivors of them, full power and authority to sell, grant and convey any and all real and personal property owned by me at the time of my death.”
The decedent, Tekla Palmquist, died in the City of Buffalo on October 4, 1972 and the Public Administrator has petitioned this court for letters of administration with the will annexed. It appears upon a hearing herein that the named executors, Fred R Scharf and Carl G-. Miller, have predeceased the testatrix. It appears further that the Augustana Lutheran Church is the successor in interest to the Swedish Lutheran Church and the present pastor thereof is Rev. E. Frederick Holst. Respondent contends that letters testamentary should issue to him as the named executor in the said last will and testament of the deceased. The guardian ad litem opposes the granting of letters to the respondent for the reason that he is not a “ named individual ”. (Matter of Healy, 255 App. Div. 361.) Counsel cites in support of his position herein Matter of Hardy (2 Dem. 91 [1883]) and argues that inasmuch as the pastor of the Augustana Lutheran Church is an identifiable person he need not be mentioned by name.
This court is aware of those situations where an executor, though not specifically named, is readily identified and ascertainable by the references and provisions contained in the will. While the designation may not under such circumstances be precise, the intention is nevertheless made clear by the wording of the will. It is thus the intention of the testator that controls his choice as to who shall administer his estate and the court is governed by such intention as nearly as it can be ascertained. If, by the words of ’the instrument, a certain person is inferred to be the person that the decedent desires to execute the provisions of his will, that person will be determined to be the executor of said will.
It is of significance to this court that the deceased selected a lawyer in whom she expressed great confidence, a nephew and the pastor of the church that she then knew' to be the executors of her will. A reading of the will as a whole clearly expresses, in the opinion of this court, a desire to select people that she at the time of the execution of her will personally knew and in whom she then confided. While the pastor of her church was not mentioned by name, one must conclude from reading *589 the will in its entirety that the person nominated in the will as one of her executors was intended to be the person that was pastor of her church at the time of the execution of the will and not a successor designee. (See Matter of Bergdorf, 206 N. Y. 309; Matter of Healy, 255 App. Div. 361, supra.)
In view of the above, and there being no other party in interest before this court seeking letters of administration c. t. a. it is the decision of this court that letters of administration c. t. a. issue to the Public Administrator.