█ In the Matter of the Estate of TEKLA PALMQUIST, Deceased. — Amended decree unanimously modified and as modified affirmed, with costs to all parties filing briefs, payable out of the estate, and matter remitted to Surrogate's Court, Erie County, for further proceedings, all in accordance with the following memorandum: E. Frederick Holst, Pastor of Augustana Lutheran Church, formerly the Swedish Lutheran Church, appeals from an amended decree of the Surrogate's Court, Erie County, which appointed Kevin D. Cox, Public Administrator, as administrator with will annexed in the place and stead of E. Frederick Holst, as executor of the estate of Tekla Palmquist, deceased. The decedent died on October 4, 1972. From August 31, 1955 until her death she was confined in the Buffalo State Hospital. On October 6, 1955 she was declared incompetent and a committee of her person and property was appointed who served during the remainder of her lifetime. On February 1, 1954 she executed her last will and testament; there is no dispute as to her competency at that time nor as to the due execution or genuineness of the instrument. Paragraph Eighteenth of said will provides: "I hereby nominate, constitute and appoint the Pastor of the Swedish Lutheran Church, of Buffalo, New York, my attorney, Fred R. Scharf and my nephew, Carl G. Miller, executors of this my Last Will and Testament, they to act without bond, hereby giving and granting unto my said executors, or the survivors of them, full power and authority to sell, grant and convey any and all real and personal property owned by me at the time of my death." Two of the nominated executors, Fred R. Scharf and Carl G. Miller, predeceased the testatrix. In 1958 the name of the Swedish Lutheran Church was changed by a formal certificate of change of name from "The Trustees of the Swedish Evangelical Lutheran Trinity Church" to

"Augustana Evangelical Lutheran Church of Tonawanda, New York". In addition to its change of name the former Swedish Lutheran Church also changed its location from the City of Buffalo to the adjoining Town of Tonawanda. Reverend E. Frederick Holst is the present pastor of the Augustana Evangelical Lutheran Church. He was also pastor on the date of decedent's death but not on the date of decedent's will. Since 1954 when decedent executed her will, there have been approximately eight pastors serving the church. Clearly, the designation by will of one of the executors as "the Pastor of the Swedish Lutheran Church" fails to denominate the proposed executor by name but nevertheless can be understood as signifying a specific and readily identifiable individual. In such a situation the rule is that where the individual designated in the will is capable of being identified and distinguished from every other human being, there is nothing uncertain or indefinite in the description (*Shipman* v. *Rollins,* 98 N. Y. 311, 328; *Holmes* v. *Mead,* 52 N. Y. 332, 343). Thus, no impediment exists as a matter of law to a designation of an individual legatee, beneficiary or fiduciary where the person designated is readily identifiable, notwithstanding the fact that he was unnamed in the will. Respondent Public Administrator asserts that SCPA 707 prohibits designation of an individual to serve as executor by position rather than by name. However, that section merely provides that letters testamentary may issue to "a natural person" who does not suffer some stated disability. The statute does not disqualify an unnamed but definitely recognizable "natural person" from seeking letters. As long as the party seeking letters is a "person" and not a corporate entity of some sort (other than a trust company) the statute is not violated in any way (cf. *Matter of Bartholomew,* 45 Misc 2d 815). Under the general rule of construction a will speaks as of the time of death and the fact that the testatrix made several specific as well as conditional bequests to the Swedish Lutheran Church supports the conclusion that it was her intention to appoint as executor the pastor serving at the time of her death so that he could supervise and oversee the distribution and use of the properties granted by the will. Furthermore, having named two close associates as executors, her attorney, Fred Scharf, and her nephew, Carl Miller, her failure to designate by name the pastor of the church for whose interest she had such a personal concern, clearly evidences her intent that her third executor be not the pastor known to her at the time of the execution of the will but rather the pastor at the time of her death, whether or not personally known to her. (Appeal from amended decree of Erie County Surrogate appointing administrator *c.t.a.*) Present — Marsh, P. J., Moule, Simons, Goldman and Del Vecchio, JJ. [73 Misc 2d 587.]