OPINION OF THE COURT
Irving Goldman, S.
In his will offered for probate, the decedent appointed the First Presbyterian Church of Plattsburgh, New York, executor, with Robert T. Booth as alternate. Except for a $2,000 bequest to the church and a $4,000 bequest to his sister-in-law, decedent left the residuary of his entire estate, approximating $40,000, to his nephew.
The question which arises is whether the First Presbyterian Church, a religious corporation, is qualified to act as executor.
Generally speaking, a corporation is ineligible to serve as executor or administrator unless it is a trust company, as provided by subdivision 3 of section 131 of the Banking Law.* This principle is derived from SCPA 707, which provides that “[Betters may issue to a natural person or to a person authorized by law to be a fiduciary”. Similar language restricting eligibility is contained in SCPA 1001 (subd 7), authorizing letters of administration to be granted to a trust company or “other corporation authorized to act as fiduciary”.
Although the Banking Law appears to restrict corporations eligible as fiduciaries to trust companies, nonetheless, case law has permitted other types of corporations so *205 to act. The language of SCPA 707 — “person authorized by law” —justifies this result. To that effect is Matter of Rath (107 Misc 598), where letters testamentary were decreed to the German Society of the City of New York, a membership corporation so empowered when incorporated by special act of the Legislature. This act granted the Society power to “ ‘perform duties of every description as may be committed to it by any person or persons whatsoever * * * or by a surrogate or by any courts of record’ ” (p 599).
Albeit few in number, other reported cases where corporations other than trust companies have been permitted to serve as executors premised such authority in SCPA 1418 (subd 4). By that provision, “[a] corporation which is a sole or residuary legatee may act as administrator with will annexed although not specifically so authorized by its charter or by any provision of law.” (Underscoring supplied.) By equating the would-be executor with an administrator c.t.a., the equivalent authority was conferred in Matter of Esmond (144 Misc 609), where a membership corporation was permitted to act as executor. The court reasoned that were it denied such right, it could apply for letters of administration c.t.a. since it was a residuary legatee. Similarly, in Matter of Reeves (60 Misc 2d 235), an historical society, designated coexecutor, was named both a specific and residuary legatee. The Society’s charter empowered it to hold real and personal property and acquire the same by gift, etc. This combination — nominated coexecutor, residuary legatee and armed with requisite powers — was regarded as sufficient by the Surrogate to permit it to act as coexecutor in light of its eligibility to be appointed under SCPA 1418 (subd 4).
The charter of the First Presbyterian Church has been examined and reflects that its fiduciary powers are restricted to holding its own property in trust for the use and benefit of the Presbyterian Church only. No authority has been granted to it to hold property in trust for third parties. Since the church, a religious corporation, is neither a sole nor residuary legatee under the instant will and is without authority conferred by its charter to hold property in trust *206 for others, it is ineligible to serve as either executor or as administrator c.t.a. as provided by SCPA 1418 (subd 4).
Accordingly, the request for its appointment as executor is denied.

 Subdivision 3 of section 131 of the Banking Law provides that “no corporation other than a trust company shall *** have or exercise in this state any of the powers specified in section one hundred of this article”. Subdivision 4 of section 100 of the Banking Law provides that every trust company shall have the power “To be appointed and to accept the appointment of executor or of trustee under the last will and testament or administrator with or without the will annexed of the estate of any deceased person.”