OPINION OF THE COURT
Peter N. Wells, S.
*915 At issue in this probate proceeding is the eligibility of petitioner, a professional corporation, to serve as executor of decedent’s last will and testament dated January 17, 2007. SCPA 707, entitled “Eligibility to receive letters,” states that “betters may issue to a natural person or to a person authorized by law to be a fiduciary” (emphasis added).
It is undisputed that the phrase “natural person” can only mean a human being. The phrase “person authorized by law to be a fiduciary” has been construed to mean trust companies that are specifically authorized by the Banking Law to act as fiduciaries or those corporations specifically allowed to act as fiduciaries in their corporate charters (Matter of Nichols, 124 Misc 2d 204 [1984]). An exception to this may occur under SCPA 1418 (4) where a corporation which “is a sole or residuary legatee may act as administrator with will annexed although not specifically so authorized by its charter or by any provision of law.” This scenario does not apply in the present situation.
In this case, petitioner is not a trust company. Nor has petitioner submitted anything to the court indicating that its corporate charter authorizes it to act as executor. Petitioner has merely stated that it has only one owner/shareholder and thus can be defined as a natural person. The court finds this argument unpersuasive. The sole owner/shareholder has elected to shield himself from individual liability by operating as a professional corporation rather than as an individual. Having made this election he is now bound thereby.
Petitioner asserts that EPTL ll-A-1.2 (9) includes a corporation in its definition of a person. The court finds this assertion to be inapplicable. Said statute, by its terms, limits the meaning of the word “person” as defined therein to matters arising “[i]n this article” which is article 11-A of the EPTL, the “Uniform Principal and Income Act,” and is not relevant regarding eligibility to receive letters as requested in this matter. (EPTL ll-A-1.2 [emphasis added].) In any event, this definition refers only to a “person,” not a natural person.
Petitioner’s reliance on Matter of Palmquist (44 AD2d 897 [1974]) is misplaced. In that case the decedent nominated what the Court found to be “a specific and readily identifiable individual . . . distinguished from every other human being” (id. at 898). Here, decedent did not nominate any specific individual but rather a corporate entity, which despite petitioner’s assertions to the contrary, fails to be readily discernible from its name as a human being and could include several individuals under its corporate veil.
*916 Accordingly, based on the above, the court finds that petitioner is ineligible to serve as executor of decedent’s will. Letters testamentary shall issue to Theodore Pelatiah Huntington, who is the first successor executor nominated under decedent’s will upon his duly qualifying according to law. Should he be unable to serve or fail to qualify, then letters testamentary shall issue to. Thomas Webster Huntington, the second successor executor nominated under decedent’s will upon his duly qualifying according to law.